760 So.2d 839 (2000)
Anthony SANDERS a/k/a Anthony L. Sanders, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-CP-00616-COA.
Court of Appeals of Mississippi.
May 16, 2000.
Anthony Sanders, Appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., LEE, AND MOORE, JJ.
*840 SOUTHWICK, P.J., for the Court:
¶ 1. Anthony Sanders pled guilty in 1995 to burglary of an occupied dwelling. In 1998 he filed a petition for relief in Leflore County Circuit Court alleging that the indictment was fatally flawed and that he had not received effective assistance of counsel. He appeals from the order denying his motion. We find no error and affirm.

FACTS
¶ 2. Anthony Sanders was indicted in 1995 for burglary of an occupied dwelling and attempted rape. Included in the indictment was a listing of two prior felony convictions each of which resulted in Sanders's being incarcerated for more than one year. Both were convictions in Leflore County for burglary, one in 1981 and the other in 1988. On November 14, 1995, Sanders pled guilty to the charge of burglary of an occupied dwelling and was sentenced to eight years imprisonment.
¶ 3. On March 26, 1998, Sanders filed a motion to vacate the judgment of conviction and sentence with the Leflore County Circuit Court. He alleged that his indictment was fatally flawed for a plethora of reasons and that he had not received effective assistance of counsel prior to his guilty plea. The motion was denied on April 1, 1998.

DISCUSSION
¶ 4. Anthony Sanders does not have counsel. Technical defects in a prisoner's pro se pleadings may be overlooked in order that "a prisoner's meritorious complaint may not be lost because [it is] inartfully drafted." Myers v. State, 583 So.2d 174, 176 (Miss.1991). Sanders's argument centers around two assignments of error that the indictment was fatally flawed and that he did not receive effective assistance of counsel. We discuss both.

I. Indictment was flawed
¶ 5. The alleged flaw in the indictment was that it did not meet the statutorily required form and that it improperly classified him as a habitual offender for sentencing purposes. The form of an indictment is established by this statute:
All indictments ... must be presented to the clerk of the circuit court by the foreman of the grand jury ... with the foreman's name endorsed thereon, accompanied by his affidavit that all indictments were concurred in by twelve or more members of the jury and that at least fifteen were present during such deliberations, and must be marked "filed," and such entry be dated and filed by the clerk.
Miss.Code Ann. § 99-7-9 (Rev.1994). A court rule requires that the essential facts supporting each element of the offense must be charged, and also that seven formal and basic details of each indictment such as the name of the accused and the date of the offense are also to be included. U.R.C.C.C. 7.06. All of these necessary elements are present in Sanders's indictment.
¶ 6. Sanders next claims that the indictment is flawed because it improperly used a fourteen year-old conviction to classify him as a habitual offender. In support of this argument, Sanders cites Rule 609(b) of the Mississippi Rules of Evidence. Sanders has mixed an evidentiary rule regarding impeachment of a witness with the rules for determining which offenses can support habitual offender status. To impeach a witness "evidence of a conviction is not admissible if a period of more than ten years has elapsed since the date of conviction...." MRE 609(b). That is not our issue.
¶ 7. Closer to being relevant is Sanders's argument that the 1981 conviction should not be used because it is a "stale" conviction. However, the habitual offender statute does not make reference to the time period in which a felony conviction occurs. It states:
Every person convicted in this state of a felony who shall have been convicted *841 twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Miss.Code Ann. § 99-19-81 (Rev.1994). There is nothing in the statute to preclude the State's use of the 1981 conviction in sentencing Sanders as a habitual offender.

II. Ineffective assistance of counsel
¶ 8. Sanders attempts to turn his 1995 counsel's failure to object to the use of the 1981 conviction as evidence that the lawyer was constitutionally ineffective. That is to say, based on his argument that Rule 609 precludes admission of his 1981 conviction, Sanders was deprived of his constitutional right to effective assistance of counsel when his trial counsel failed to object to the indictment. Our ruling on the first issue renders this point moot. Failure to object to what is unobjectionable does not reveal ineffectiveness of counsel under the relevant standard. Strickland v. Washington, 466 U.S. 668, 700, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); see also Schmitt v. State, 560 So.2d 148, 154 (Miss. 1990).
¶ 9. Other arguments are made but we find none that require further analysis here. As did the circuit court, we reject all of Sanders's allegations of error and affirm.
¶ 10. THE JUDGMENT OF THE LEFLORE COUNTY CIRCUIT COURT DENYING APPELLANT'S MOTION TO VACATE JUDGMENT OF CONVICTION AND SENTENCE IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.