CARLTON, J.,
for the Court.
¶ 1. After pleading guilty to two counts of credit card fraud and one count of possession of cocaine, Rickie Shies was sentenced as a habitual offender to serve a total of twenty years in the custody of the Mississippi Department of Corrections. Shies filed an unsuccessful motion for post-conviction relief in January 2007. Aggrieved by the circuit court’s denial of his motion for post-conviction relief, Shies now appeals. Finding no error, we affirm the judgment of the circuit court.
FACTS
¶ 2. Shies pled guilty to two counts of credit card fraud and one count of possession of cocaine on February 18, 2004. He was sentenced as a habitual offender to serve five years on each of the credit card fraud charges. He was sentenced to serve ten years on the possession of cocaine charge, with all sentences to run consecutively, for a total of twenty years to serve.
¶ 3. Shies filed a motion for post-conviction relief, which was denied by the circuit court. On appeal, Shies argues, essentially, that: (1) he received ineffective assistance of counsel; (2) his conviction was based on “false” evidence because his sentence was enhanced by two prior felony convictions; and (3) his due process rights were violated because, he alleges, no court reporter was present to transcribe the guilty plea proceedings.
*772 STANDARD OF REVIEW
¶ 4. This Court will not disturb a circuit court’s decision to deny a motion for post-conviction relief unless the circuit court’s findings are clearly erroneous. Boyd v. State, 926 So.2d 233, 235(¶2) (Miss.Ct.App.2005). However, we review questions of law de novo. Id.
DISCUSSION
I. Whether Shies received ineffective assistance of counsel.
¶ 5. Shies argues on appeal that he received ineffective assistance of counsel. He argues that his attorney did not summon witnesses, perform a pretrial investigation, make certain arguments to the jury in his defense, or make certain objections. Shies pled guilty to the charges against him. In signing his petition to enter a guilty plea, Shies acknowledged that by pleading guilty, he was waiving certain constitutional rights, including the right to a jury trial, the right to call witnesses, the right to cross-examine witnesses, and the right to examine the evidence against him. The alleged deficiencies cited by Shies center around rights that he knowingly, willingly, and intelligently waived, under oath, as part of his guilty plea. Thus, Shies’s argument that his counsel was ineffective fails to satisfy even the first prong of the Strickland analysis, which requires that Shies show that his attorney’s performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
¶ 6. “In order to prevail on the issue of whether his defense counsel’s performance was ineffective, [the defendant] must prove that his counsel’s performance was deficient and that he was prejudiced by counsel’s mistakes.” Kinney v. State, 737 So.2d 1038, 1041(¶8) (Miss.Ct.App.1999) (citing Strickland, 466 U.S. at 687-96, 104 S.Ct. 2052). The two-prong test set forth in Strickland to determine whether the defendant has received ineffective assistance of counsel applies to challenges to guilty pleas as well. Id. (quoting Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).
¶ 7. An inmate asserting a claim of ineffective assistance of counsel is required to “allege[ ] with specificity and detail” the facts which show the attorney’s deficient performance and the prejudice to the inmate caused by the deficient performance. Kinney, 737 So.2d at 1041(¶ 8) (citing Cole v. State, 666 So.2d 767, 777 (Miss.1995)). Furthermore, “[t]here is a strong but rebuttable presumption that counsel’s conduct fell within the wide range of reasonable professional assistance.” Id. (citing Moody v. State, 644 So.2d 451, 456 (Miss.1994)). Additionally, we presume that counsel’s decisions are strategic. Leatherwood v. State, 473 So.2d 964, 969 (Miss.1985) (citing Murray v. Maggio, 736 F.2d 279, 282 (5th Cir.1984)). Accordingly, “[j]udicial scrutiny of counsel’s performance must be highly deferential .... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time.” Strickland, 466 U.S. at 689, 104 S.Ct. 2052.
¶ 8. The record in this case contains Shies’s petition to enter a guilty plea, which was sworn to under oath. Shies’s petition to enter a guilty plea contained the following statement:
I believe that my lawyer, Peter A. Stewart, III, has done all that anyone could do to counsel and assist me. I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME; I recognize that if I have been told by my *773 lawyer that I might receive probation or a light sentence, this is merely his prediction and is not binding on the Court.
¶ 9. Shies’s petition also contained a factual basis for his guilty plea on the credit card fraud charges and on the possession of cocaine charge. Moreover, Shies’s attorney attached a certificate of counsel to the petition to enter a guilty plea, asserting that he had explained the allegations of the indictment to Shies, including the maximum and minimum penalties for the charges, and that he believed that Shies understood the consequences of his guilty plea.
¶ 10. Shies pled guilty to the charges against him, thereby waiving his right to a jury trial. The indictment in the record charges four separate counts of credit card fraud. The circuit judge explained in his order denying post-conviction relief that two counts of credit card fraud had been retired to the file as part of the plea negotiations Shies’s attorney had with the State. Shies stated under oath in his plea petition that he was satisfied with his attorney’s performance and felt that his attorney had done everything anyone could do to help him.
¶ 11. Furthermore, Shies bears the burden of proof to show evidence of alleged ineffective assistance of counsel. Leatherwood, 473 So.2d at 968. Shies failed to present this Court with any evidence of his counsel’s alleged deficiencies. The record contains no proof to support Shies’s claims that his attorney’s representation of him was deficient. We additionally note that his post-conviction relief motion lacks any supporting affidavits or other proof to support his allegation. See Miss.Code Ann. § 99 — 39—9(l)(d)—(e) (Rev. 2007).
¶ 12. Because Shies cannot overcome the first prong of the test in Strickland, this Court is not required to consider the second prong of Strickland. Havard v. State, 988 So.2d 322, 331(¶ 25) (Miss.2008) (citing Foster v. State, 687 So.2d 1124, 1129-30 (Miss.1996)). Therefore, Shies’s claim of ineffective assistance of counsel is without merit.
II. Whether Shies’s conviction was based on “false evidence.”
¶ 13. Shies’s second assignment of error alleges that his conviction was based on “false evidence” which he claims should have been excluded. The “false evidence” consisted of two prior convictions, one of which had occurred more than ten years earlier. The record reflects that these prior convictions were used to enhance Shies’s sentence upon entry of his guilty plea, and not as evidence of his guilt or as impeachment evidence. Shies relies on Rule 609 of the Mississippi Rules of Evidence, as well as the supreme court’s holding in Townsend v. State, 605 So.2d 767, 770-71 (Miss.1992). The court in Toum-send reversed a burglary conviction because the trial court allowed prior burglary convictions as impeachment evidence without an appropriate determination of whether the probative value outweighed the prejudicial effect of the evidence. Shies inappropriately relies on Rule 609 and on the application of Rule 609 in Townsend. Toumsend and Rule 609 apply to prior convictions used to impeach a witness. Specifically, Rule 609 applies to evidence of prior convictions used to impeach a witness, and the rule limits using convictions more than ten years old to impeach a witness in a trial on the merits. Rule 609 has no bearing on the use of prior convictions to enhance sentences upon conviction in accordance with Mississippi Code Annotated section 99-19-81 (Rev.2007).
¶ 14. Shies argues that the prior convictions, which were used to enhance his sen- *774 tenee, were too remote in time. He also argues that he did not receive advance notice from the State that his prior convictions would be used against him. However, Shies’s prior convictions were not used for impeachment purposes. Furthermore, the record reflects that the State provided Shies advance notice that the prior convictions would be used to enhance his sentence. The indictment against Shies listed both prior convictions used to enhance his sentence upon the acceptance of his guilty plea and conviction. Further, Shies disclosed in his sworn plea petition that he was serving a sentence of probation at the time of his guilty plea and that he understood the impact of his guilty plea on that sentence of probation. Shies’s sworn plea petition reflects that he understood that the district attorney recommended that he be sentenced as a habitual offender on the two counts of credit card fraud. Thus, the record reflects advance notice to Shies that his prior convictions could impact his sentence.
¶ 15. Shies pled guilty and, therefore, did not have a trial or testify. Shies’s prior convictions were properly considered for sentencing enhancement purposes, in accordance with section 99-19-81. Section 99-19-81 provides the following:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
¶ 16. The indictment against Shies indicated that he had been previously convicted previously of armed robbery in 1991 and of possession of cocaine in 2001. He was sentenced to serve more than one year for each of those prior. Therefore, the prior convictions met the requirements set forth in section 99-19-81 to enhance Shies’s sentences for credit card fraud.
¶ 17. Shies’s argument, based on Rule 609(b), that the circuit court erred in admitting his prior armed robbery conviction into evidence because the prior conviction was more than ten years prior to his convictions for credit card fraud is without merit. The State used Shies’s prior convictions for the purpose of enhancing his sentence under section 99-19-81, not to impeach his testimony under Rule 609(b). Furthermore, section 99-19-81 contains no provision limiting the use of convictions more than ten years old. See Sanders v. State, 760 So.2d 839, 840-41(¶ 7) (Miss.Ct.App.2000).
¶ 18. In conclusion, Shies’s prior convictions were properly used to enhance his sentence in accordance with section 99-19-81, and not as evidence on the merits for the purpose of impeachment or otherwise. Therefore, this issue is without merit.
III. Whether Shies’s due process rights were violated because there was no court reporter present at his guilty plea proceeding.
¶ 19. Finally, Shies argues that it was a violation of his due process rights for the circuit court to impose a sentence under his plea agreement without having a court reporter present. Shies failed to raise this issue before the circuit court in his motion for post-conviction relief. Therefore, he is procedurally barred from raising the issue on appeal. See Lockhart v. State, 980 So.2d 336, 340(¶ 14) (Miss.Ct.App.2008) (citing Welch v. State, 958 So.2d 1288, 1292(¶ 12) (Miss.Ct.App.2007)).
*775 ¶ 20. Though this issue is procedurally barred, we note that the record indicates that there was in fact a court reporter present at Shies’s plea colloquy hearing, even though no transcript has been prepared for our review. In his order granting Shies in forma pauperis status, the circuit judge directed the circuit clerk to contact the court reporter to obtain a transcription of Shies’s guilty plea hearing. The statement of appeal costs prepared by the circuit clerk indicates that the court reporter, Jan Harris, never submitted the requested transcription to the circuit clerk for completion of the record.
¶21. Shies’s allegation that no court reporter was present seems to be based on his misreading of a letter contained in the record from the Lowndes County Circuit Clerk to. the Mississippi Supreme Court Clerk regarding the dismissal of Shies’s post-conviction relief motion. In that letter, the circuit clerk states: “This matter was decided without the necessity of a hearing; therefore, there was no court reporter involved in this matter.” The circuit clerk’s statement in the letter clearly refers to the circuit court’s ruling on Shies’s post-conviction relief motion, not to his guilty plea hearing.
¶ 22. In his order denying Shies’s motion for post-conviction relief, the circuit judge indicated that he carefully reviewed the entire record of proceedings in the circuit court, including the guilty plea, the sentencing order, and the pleadings before denying Shies’s motion. In reviewing a trial court’s denial of a motion for post-conviction relief, this Court is limited to a determination of whether the trial court’s judgment was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶3) (Miss.Ct.App.2002). After a review of the entire record before us, we find no error in the circuit court’s denial of Shies’s motion for post-conviction relief. Therefore, we affirm the judgment of the circuit court.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.