GRIFFIS, P.J.,
for the Court:
¶ 1. James L. Holmes appeals the dismissal of his motion for post-conviction collateral relief (PCR). He claims: (1) he received ineffective assistance of counsel; (2) his guilty plea was involuntarily entered; and (3) he was improperly sentenced as a habitual offender. We find no error and affirm.
FACTS
¶ 2. On August 22, 2008, Holmes pleaded guilty to the reduced charge of manslaughter under Mississippi Code Annotated section 97-3^7 (Rev.2006). He was sentenced as a habitual offender to twenty years’ imprisonment in the custody of the Mississippi Department of Corrections.
¶ 3. On August 11, 2009, Holmes filed a PCR motion for post-conviction collateral relief. The Lee County Circuit Court dismissed the PCR motion, and Holmes now appeals.
STANDARD OF REVIEW
¶ 4. A circuit court’s dismissal of a PCR motion will not be reversed on appeal absent a finding that the circuit court’s decision was clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard *706 of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
ANALYSIS

1. Ineffective Assistance of Counsel

¶ 5. Holmes claims his counsel was ineffective because he was first appointed a “justice court” attorney, and his second attorney failed to communicate properly with him. To prove a claim of ineffective assistance of counsel, Holmes must show his counsel’s performance was deficient, and this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Holmes to show both prongs. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, Holmes must “show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052. In PCR cases, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.” Vielee v. State, 653 So.2d 920, 922 (Miss.1995).
¶ 6. Holmes offers only his statements that allege the deficiencies of his counsel. Such allegations are directly contradictory to his statements made under oath. Further, Holmes failed to show his counsel’s inaction prejudiced the result in this case. Holmes admitted the factual bases for the charges were correct. He testified under oath that he was satisfied with the legal services of his counsel and that he believed his attorney had properly advised him before he pleaded guilty.
¶ 7. We find that Holmes failed to prove any instance of deficiency on the part of his counsel. Furthermore, Holmes failed to show with reasonable probability that, but for his counsel’s unprofessional errors, the result of his proceeding would have been different. Accordingly, this issue is without merit.

2. Voluntariness of Guilty Plea

¶8. Holmes raises on appeal that his guilty plea was involuntary. Holmes failed to raise this issue in his original PCR motion filed in the circuit court. Accordingly, Holmes is procedurally barred from raising this issue for the first time on appeal. Bates v. State, 914 So.2d 297, 299 (¶ 6) (Miss.Ct.App.2005) (citing Miss.Code Ann. § 99-39-21 (1)(2) (Rev.2000)).
¶ 9. Notwithstanding the procedural bar, Holmes’s claim fails on the merits. Holmes claims his plea was involuntary because: (1) he was threatened in a letter from the district attorney; (2) his case was continued a number of times; and (3) he entered a guilty plea because he felt he had no other choice. A plea of guilty is binding only if it is entered voluntarily and intelligently. See Myers v. State, 583 So.2d 174, 177 (Miss.1991). Such a plea is voluntary and intelligent when the defendant is informed of the charges against him and the consequences of his plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). He must also understand “the maximum and minimum penalties provided by law.” URCCC 8.04(A)(4)(b).
¶ 10. Holmes testified under oath that he was entering his plea knowingly and voluntarily without any threats. The State read the charges in the indictment, and the following exchange then occurred:
Q: Mr. Holmes, the charges against you, and that charge has been read to you in detail by the assistant *707 district attorney, is manslaughter as [a] habitual offender. Do you understand that charge?
A: Yes, sir.
Q: Did you, in fact, commit that crime?
A: Yes, sir.
[[Image here]]
Q: Mr. Holmes, do you understand that a minimum sentence the Court could impose upon you if you were not indicted and charged as [a] habitual offender would be two years in the custody of the Mississippi Department of Corrections. There is no minimum fine. There would be fees and costs. Do you understand that?
A: Yes, sir.
[[Image here]]
Q: Do you understand that in this particular situation you have been indicted and charged and you are pleading as [a] habitual offender to the charge of manslaughter? That is going to carry with it a mandatory day-for-day sentence of 20 years in the custody of the Mississippi Department of Corrections. Do you understand that?
A: Yes, sir.
[[Image here]]
Q: Do you understand that by pleading guilty to this charge that you are admitting you did, in fact, commit this crime?
A: Yes, sir.
Q: I have attempted to question you thoroughly about your plea of guilty to be satisfied that you are fully acquainted with all of your [cjonsti-tutional rights. Do you still wish to plead guilty?
A: Yes, sir.
Q: Is there anything that you do not understand?
A: No, sir.
Q: Mr. Holmes, do you plead guilty or not guilty to the crime of manslaughter as [a] habitual offender in Lee County Cause No. 07-179? Guilty or not guilty?
A: Guilty.
¶ 11. The record refutes Holmes’s claim that he did not voluntarily enter a guilty plea. Holmes testified he had not been forced or pressured in any way to plead guilty. The record of the plea hearing is clear that Holmes was informed of the charge against him and that he was aware of the consequences of entering his guilty plea. The circuit judge explained in detail the minimum and maximum sentence for the crime, as well as the fact that Holmes would receive the maximum sentence because he was being charged as a habitual offender. Therefore, this issue has no merit.

3. Improper Sentence as a Habitual Offender

¶ 12. Holmes claims that he was improperly sentenced as a habitual offender because his status as a habitual offender violates double jeopardy, and his prior convictions were too remote to be used by the State. We find this argument is without merit. This Court has held that habitual-offender status does not violate double jeopardy. Denman v. State, 964 So.2d 620, 624 (¶ 16) (Miss.Ct.App.2007).
¶ 13. Next, Holmes claims that his 1980 conviction of two counts of negligent homicide and 1974 conviction of attempted abduction are too far removed to establish Holmes as a habitual offender. “[T]he habitual offender statute does not make reference to the time period in which a felony conviction occurs.” Sanders v. State, 760 So.2d 839, 840 (¶ 7) (Miss.Ct. *708 App.2000). Accordingly, this issue has no merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.