# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01182-COA

**DERIERA MAGEE A/K/A DERIE'RA MAGEE**          **APPELLANT**
**A/K/A DERIERA A. MAGEE A/K/A DERIERA**
**ALEJANDOUR MAGEE**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 9/10/2014 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DERIERA MAGEE (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LADONNA C. HOLLAND |
| | JOHN R. HENRY JR. |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED PETITION FOR |
| | POSTCONVICTION COLLATERAL RELIEF |
| DISPOSITION: | AFFIRMED: 11/10/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND WILSON, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1. Derie'ra Magee appeals the denial of his petition for postconviction collateral relief (PCCR), claiming: (1) that he received no arraignment after being charged under a new indictment, (2) that his double-jeopardy rights were violated by his conviction under the new indictment, and (3) that he received ineffective assistance of counsel. We affirm the judgment of the circuit court.

## FACTS

¶2. On February 20, 2009, Magee was indicted on felony drug charges. In May 2009, the prosecutor made a motion to amend the indictment to charge Magee as a habitual offender. This motion was never granted.

¶3. The district attorney then obtained a new indictment on June 12, 2009, charging Magee with two counts of possession of a controlled substance as a habitual offender. Miss. Code Ann. § 99-19-83 (Rev. 2015). In Count I, Magee was charged with possession of a controlled substance (cocaine) with intent to distribute under Mississippi Code Annotated section 41-29-139(a) (Supp. 2015). As to Count II, he was charged with possession of a controlled substance (marijuana) under Mississippi Code Annotated section 41-29-139(c) (Supp. 2015).

¶4. Then on January 19, 2010, the State reduced the charge, and Magee pleaded guilty to possession of a controlled substance as a habitual offender and was sentenced to serve sixteen years. Miss. Code Ann. §§ 41-29-139(c) & 99-19-81 (Rev. 2015).[1] The prosecutors did not pursue a conviction as to Count II of the indictment. Magee subsequently filed a PCCR petition, which was denied by the circuit court.

**ANALYSIS**

¶5. When "reviewing a trial court's dismissal of [a PCCR petition] . . . We will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Mann v.*

---

[1]After briefing was completed in this case, Magee filed a pro se "motion to amendment to show amendment to order of conviction to correct sentence" to bring the Court's attention to an amended order of conviction correcting aspects of his sentence. The amended order was part of the supplemental record that this Court requested on its own motion. Therefore, Magee's motion is moot.

*State*, 2 So. 3d 743, 745 (¶5) (Miss. Ct. App. 2009). "[W]here questions of law are raised, the applicable standard of review is de novo." *Id.*

I.    *Magee waived any objection to a lack of arraignment.*

¶6.    Magee first argues that he was not arraigned under the second indictment and that because of this error, his conviction should be reversed. The record is not clear as to whether Magee was arraigned under the second indictment. We note that Magee failed to raise this issue in his original PCCR petition and is barred from raising it for the first time on appeal. *Holmes v. State*, 97 So. 3d 704, 706 (¶8) (Miss. Ct. App. 2011). Notwithstanding this procedural bar, we address Magee's claim.

¶7.    "A defendant may waive arraignment, either expressly or impliedly, by proceeding to trial without objection, and one who has by his assent and conduct thus impliedly joined issue with the state on an affidavit or indictment, cannot, by objection to a later arraignment, avoid a conviction." *Spry v. State*, 796 So. 2d 229, 233 (¶12) (Miss. 2001) (quoting *Bufkin v. State*, 134 Miss. 1, 16, 98 So. 452, 454 (1923)). Therefore, "by pleading guilty without objecting to his arraignment," a defendant waives any objection. *Id.*

¶8.    Magee pleaded guilty under Count I in the second indictment. He made no objection at the time of his pleading; in fact he made no objection to his lack of arraignment until this appeal. Magee was scheduled for trial the day that he pleaded guilty. "Arraignment is deemed waived where the defendant proceeds to trial without objection." *Id.* At the plea hearing, Magee was again made aware of all the charges against him. He made no objections to the charges or his guilty plea. This issue is without merit.

*II.     Magee's guilty plea did not violate the protection against double jeopardy.*

¶9.    Magee also argues that his double-jeopardy rights were violated because he pleaded guilty to a misdemeanor charge of possession of marijuana in the Picayune City Court. This alleged charge arose from the same arrest, where it appears that Magee was in possession of one marijuana cigarette and several small bags of cocaine.

¶10.    Generally, claims made for the first time on appeal are barred. *Holmes*, 97 So. 3d at 706 (¶8). But the supreme court has held that "errors affecting fundamental constitutional rights are excepted from the procedural bars . . . ." *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). The court has also "deemed the right to be free from double jeopardy a 'fundamental right.'" *Id.* at (¶7). Even when a defendant has pleaded guilty to a charge, "[he] does not waive his double[-]jeopardy claim." *Rush v. State*, 749 So. 2d 1024, 1027 (¶9) (Miss. 1999). Thus we address the merits of Magee's double-jeopardy claim.

¶11.    "The three primary purposes of the Double Jeopardy Clause are that (1) it protects against a second prosecution for the same offense after an acquittal, (2) it protects against a second prosecution for the same offense after a conviction, and (3) it protects against multiple punishments for the same offense." *Rush*, 749 So. 2d at 1026 (¶8). But "Mississippi has long recognized that separate offenses, though committed under a common nucleus of operative fact, [do] not present a legal impediment to multiple prosecutions under the [D]ouble [J]eopardy [C]lause . . . ." *Johnston v. State*, 172 So. 3d 756, 759 (¶8) (Miss. Ct. App. 2012) (citing *Henley v. State*, 749 So. 2d 246, 249 (¶12) (Miss. Ct. App. 1999)).

¶12.    The record is silent regarding any city court conviction. Assuming Magee did plead

4

guilty to both crimes, his double-jeopardy rights were not violated because these crimes were not the same offense. The circuit court conviction pertained to his possession of cocaine, while the alleged city court conviction resulted from his possession of marijuana. Magee committed two offenses simultaneously, but double jeopardy is not violated when a defendant is convicted of two offenses arising from a common nucleus of fact.

> III.    *Magee did not suffer ineffective assistance of counsel.*

¶13.    Magee then argues that he had ineffective assistance of counsel.

> To prove ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient, and (2) this deficiency prejudiced his defense. The burden of proof rests with the defendant to prove both prongs. Under *Strickland*, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. To overcome this presumption, the defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.

*Maggitt v. State*, 26 So. 3d 363, 365 (¶12) (Miss. Ct. App. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)) (internal citations and quotations omitted).

¶14.    Because of Magee's alleged double-jeopardy violation, he argues that he had ineffective assistance of counsel. Having found that Magee's double-jeopardy rights were not violated, Magee has no basis for ineffective assistance of counsel.

¶15.    Magee's claims as to the arraignment, double jeopardy, and ineffective counsel have no merit. We affirm the judgment of the Circuit Court of Pearl River County.

¶16.    **THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY DISMISSING THE PETITION FOR POSTCONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**