# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-01214-COA

**TIMOTHY LEGGETT A/K/A TIMOTHY EDWARD LEGGETT**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/30/2024 |
| TRIAL JUDGE: | HON. DAVID H. STRONG JR. |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TIMOTHY LEGGETT (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY:  SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/14/2026 |
| MOTION FOR REHEARING FILED: | |

## CONSOLIDATED WITH

## NO. 2024-CP-01215-COA

**TIMOTHY LEGGETT A/K/A TIMOTHY EDWARD LEGGETT**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/30/2024 |
| TRIAL JUDGE: | HON. DAVID H. STRONG JR. |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TIMOTHY LEGGETT (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY:  SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/14/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McCARTY AND EMFINGER, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Timothy Leggett appeals the summary dismissal of two motions he filed seeking post-conviction relief (PCR).  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2020, a Lincoln County grand jury indicted Leggett in Case No. 2020-111 for possession of at least one-tenth of a gram but less than two grams of cocaine with intent to distribute, possession of at least ten grams but less than thirty grams of methamphetamine with intent to distribute, possession of less than thirty grams of marijuana with intent to distribute, and possession of a firearm as a felon.  Leggett was indicted as a nonviolent habitual offender.

¶3.     In 2021, a Lincoln County grand jury indicted Leggett in Case No. 2021-177 for possession of at least ten grams but less than thirty grams of methamphetamine with intent to distribute (Count 1), possession of less than thirty grams of marijuana with intent to distribute (Count 2), and possession of a firearm by a felon (Count 3).

¶4.     In May 2023, Leggett pled guilty to Count 1 and Count 2 in Case No. 2021-177.  The court sentenced Leggett to thirty years in custody with five years suspended, twenty-five years to serve, and five years of post-release supervision on Count 1 and a concurrent term of three years to serve on Count 2.  Pursuant to Leggett's plea agreement, Count 3 in Case No. 2021-177 was nolle prosequied, and all charges in Case No. 2020-111 were retired to the files.

2

¶5.    The transcript of Leggett's plea hearing shows that the court thoroughly advised him of his rights and the minimum and maximum sentences for Count 1 and Count 2.  Leggett stated under oath that he was satisfied with his attorneys' advice and assistance, that he had reviewed all the State's discovery materials with his attorneys, that he was satisfied the State could prove his guilt beyond a reasonable doubt, that no one had threatened him or promised him anything to cause him to plead guilty, and that he was pleading guilty because he was guilty and for no other reason.  The State proffered that if the case went to trial, the evidence would show that officers stopped Leggett, searched his vehicle, and found 12.45 grams of methamphetamine, 17.87 grams of marijuana, and scales.  Leggett agreed with the State's proffer.  The court then sentenced Leggett as stated above.

¶6.    In March 2024, Leggett filed two similar PCR motions, which were docketed as separate civil actions.  The circuit court considered the motions together and dismissed both as without merit.  Leggett filed two appeals, which this Court consolidated.

## ANALYSIS

¶7.    "When we review the dismissal or denial of a PCR motion, we review issues of law de novo but will not disturb the trial court's findings of fact unless they are clearly erroneous." *Hyland v. State*, 401 So. 3d 1056, 1058 (¶8) (Miss. Ct. App. 2024), *cert. denied*, 401 So. 3d 1029 (Miss. 2025).

¶8.    Leggett's pro se motions and appellate briefs are difficult to follow and are not supported by any meaningful citations to relevant authority or the record.[1]  Leggett alleges

---

[1] The State correctly argues that Leggett's arguments are procedurally barred because he fails to cite relevant legal authority or the record.  *See Friley v. State*, 366 So. 3d 959,

that his guilty plea was involuntary because there was no factual basis for it and because his lawyers provided ineffective assistance and tricked or coerced him into pleading guilty to cover up corruption by the Drug Enforcement Administration. As the circuit court found, these claims are belied by the transcript of Leggett's plea hearing, where he stated under oath that he was satisfied with his lawyers' advice and assistance, that he had reviewed the State's discovery with his lawyers, that the State could prove beyond a reasonable doubt that he committed the subject offenses, and that the factual basis recited by the State was true. Moreover, Leggett presents no evidence to support his claims of coercion or corruption. Accordingly, the circuit court did not err by rejecting this claim as without merit. *See, e.g.*, *Young v. State*, 329 So. 3d 589, 590-91 (¶¶3-9) (Miss. Ct. App. 2021) (affirming the summary denial of a PCR motion without an evidentiary hearing because the movant's allegations that his plea was coerced and not voluntary were clearly contradicted by his own prior statements under oath during his plea hearing).

¶9.     Leggett also alleges that prior to pleading guilty, he was unlawfully held in custody on a probation violation "for false crimes that were never committed or charged." He also alleges that he did not receive an initial appearance, a bond, or an arraignment. This claim is without merit. The record shows that the grand jury indicted Leggett, a bond was set, and Leggett waived arraignment in both Case No. 2020-111 and Case No. 2021-177. A petition to revoke Leggett's post-release supervision on a prior charge was filed; however, the hearing on that petition was continued "until final disposition of [Leggett's] new charges."

966-67 (¶25) (Miss. Ct. App. 2023). Nonetheless, we briefly address the claims that we are able to discern from Leggett's PCR motions and briefs.

4

Leggett was held because he was indicted on new charges, not because of the revocation petition. Moreover, "a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." *Reardon v. State*, 341 So. 3d 1004, 1012 (¶27) (Miss. Ct. App. 2022) (quotation marks omitted) (holding that the movant's guilty plea waived his claims that he was unlawfully denied an initial appearance or preliminary hearing, that his bail was excessive, and that he was entitled to pre-plea bond relief); *see also Magee v. State*, 189 So. 3d 658, 660 (¶8) (Miss. Ct. App. 2015) (holding that the movant waived any claim that he was not arraigned by pleading guilty). Accordingly, this issue is without merit.

¶10. Leggett also alleges that his indictment failed to charge a crime and failed to charge the "essential element" of "intent." He further alleges that the court lacked jurisdiction due to the defects in his indictment. However, Leggett fails to articulate how his indictment was defective. In fact, the indictment clearly alleged all essential elements of the subject offenses, including intent. Moreover, a guilty plea waives all defects in an indictment other than the failure to charge an essential element or lack of subject matter jurisdiction. *Joiner v. State*, 61 So. 3d 156, 159 (¶7) (Miss. 2011). Since Leggett's indictment properly charged the subject offenses, this issue is also without merit.

¶11. In summary, we find no error in the circuit court's dismissal of Leggett's PCR motions as without merit.

¶12. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**

5