ON WRIT OF CERTIORARI

LAMAR, Justice, for the Court:
¶ 1. Robert Rowland and two codefen-dants pleaded guilty to two counts of armed robbery and two counts of capital murder stemming from a 1979 incident. Rowland filed the instant petition for post-conviction collateral relief in 2007, claiming that the convictions and sentences for armed robbery violate his fundamental right against double jeopardy, as they were the underlying felonies for the capital-murder convictions. The trial court dismissed Rowland’s petition as time-barred, and the Court of Appeals affirmed. We granted certiorari and now reverse and remand.
FACTS AND PROCEDURAL HISTORY
¶ 2. On February 16, 1979, eight men— Pat Bolton, James Campbell, Billy Floyd, Joe Floyd, Paul Hughes, Steve McHann, G.W. Putman, and O.B. Singleton — gathered at the Leflore County Country Club to play poker. During the game, three masked men armed with shotguns, later identified as Robert Rowland, Donald Kee-ton, and Keith Ouzts, entered the country club and robbed the men. During the armed robbery, the assailants shot and killed both James Campbell and Paul Hughes.
¶ 3. A Leflore County grand jury indicted the three men on four counts each: (1) armed robbery of Pat Bolton, (2) armed robbery of O.B. Singleton, (3) capital murder of James Campbell while “in the commission of the crime of armed robbery of Pat Bolton and others,” and (4) capital murder of Paul Hughes while “in the commission of the crime of armed robbery of O.B. Singleton and others.” Rowland, Keeton, and Ouzts each pleaded guilty to all four crimes.[1] The State recommended sentences of life imprisonment for each of *505 the two capital murder charges and twenty-four years for each of the two robbery charges, with the sentences to run consecutively. The trial court sentenced the three defendants according to the State’s recommendations.
¶4. On November 13, 2007, Rowland filed a petition for post-conviction collateral relief iri the Washington County Circuit Court.[2] In his petition, Rowland claimed that “the trial court violated the prohibitions of the double-jeopardy clause of both the United States and Mississippi Constitutions by convicting Rowland of the capital murder and the underlying felony of armed robbery, effectively convicting and sentencing Rowland twice for the crime of armed robbery.” Rowland argued that, because his armed-robbery convictions violated the double-jeopardy clause, his sentences for armed robbery were illegal.[3] Although his petition was filed more than twenty-eight years after sentencing, Rowland argued that his claim should be excepted from the procedural bars of the Uniform Post-Conviction Collateral Relief Act (“UPCCRA”) because it involved a fundamental constitutional right. Rowland noted that if his armed-robbery convictions were vacated, he would be eligible for parole on the two capital-murder sentences.
¶ 5. On January 11, 2008, the circuit court dismissed Rowland’s petition with prejudice, finding that it was time-barred by the UPCCRA’s three-year statute of limitations. See Miss.Code Ann. § 99-39-5(2) (Rev.2007). The circuit judge also noted that dismissing the motion without a hearing was proper, because it plainly appeared from the face of the motion that Rowland was not entitled to any relief, and he declined to address the merits of Rowland’s motion.
¶ 6. Rowland appealed, and we assigned the case to the Court of Appeals. In a split decision, the Court of Appeals affirmed, finding that Rowland’s claims were time-barred and barred as a successive writ. Rowland, 42 So.3d at 553 (six-four decision). The Court of Appeals also found that Rowland’s claims were barred by Mississippi Code Section 99-39-21(1) which states:
Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.
Miss.Code Ann. § 99-39-21(1) (Rev.2007).[4]
¶ 7. The Court of Appeals acknowledged that this Court has held that errors affect *506 ing “fundamental rights” may be excepted from procedural bars. Rowland, 42 So.3d at 549-50. The Court of Appeals also acknowledged that this Court has deemed the right to be free from double jeopardy a “fundamental right.” Id. (citing Graves v. State, 969 So.2d 845, 846-47 (Miss.2007)). However, the majority chose not to except Rowland’s claim from the procedural bars, based on this Court’s use of the word “may” in Luckett v. State, 582 So.2d 428, 430 (Miss.1991) (“Errors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration ....”) (emphasis added). In so-holding, the Court of Appeals stated: “[T]his Court declines to exercise whatever discretionary authority it may have to consider otherwise time-barred issues pursuant to the “fundamental rights” exception.” Rowland, 42 So.3d at 553. After Rowland’s motion for rehearing was denied by the Court of Appeals, we granted certiorari.
ANALYSIS
¶ 8. This Court’s applicable standard of review when considering the denial of a petition for post-conviction collateral relief is well settled; this Court will not disturb the factual findings of a trial court in denying the petition unless such findings are clearly erroneous. Moore v. State, 986 So.2d 928, 932 (Miss.2008) (citations omitted). “However, where questions of law are raised the applicable standard of review is de novo.” Id. (quoting Lambert v. State, 941 So.2d 804, 807 (Miss.2006)).
¶ 9. As mentioned, the Court of Appeals declined to except Rowland’s double-jeopardy claim from the procedural bars, based on this Court’s language in Luckett that “errors affecting fundamental constitutional rights may be excepted from procedural bars.” Luckett, 582 So.2d at 430. We acknowledge that our jurisprudence in this area is less than consistent. We take this opportunity to hold, unequivocally, that errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA.
¶ 10. A closer examination of the language in Luckett and the precedent upon which it relies provides some clarity. The Luckett Court relied on this Court’s earlier decision in Smith v. State, 477 So.2d 191 (Miss.1985) (a post-UPCCRA case). See Luckett, 582 So.2d at 430. The Smith decision, however, provides no language that would support the discretion gleaned by the Court of Appeals. In Smith, this Court stated:
This Court has repeatedly and consistently held that “post-conviction relief in Mississippi is not granted upon facts and issues which could or should have been litigated at trial and on appeal.” Post-conviction proceedings are for the purpose of bringing to the trial court’s attention facts not known at the time of judgment. Questions not alleged and raised at trial and/or on direct appeal are procedurally barred and may not be litigated collaterally in a post-conviction environment.
As the state suggests, it is noted that this issue was not raised on direct appeal, nor does the motion here show such facts as are necessary to demonstrate that this claim is not procedurally barred.
[Tjhis Court has previously held that errors affecting fundamental rights are exceptions to the rule that questions not raised in the trial court cannot be raised for the first time on appeal. Read v. State, 430 So.2d 832 (Miss.1983); Brooks v. State, 209 Miss. 150, 46 So.2d 94 (1950). It is noted that in the case sub judice that the defense counsel failed to raise the sentence issue on appeal, but *507 that this defendant is raising the issue in his pro se post-conviction motion to correct sentence. This Court recognizes that citizens may not be deprived of constitutional rights without due process of law and that due process requires reasonable advance notice and a meaningful opportunity to be heard. Read, supra. An analysis of the indictment in this case, together with the foregoing transcript of the sentencing hearing, clearly show a denial of due process in sentencing. The comparison of a seven year sentence, as opposed to a life sentence, without probation or parole is too significant a deprivation of liberty to be subjected to a procedural bar.
Smith, 477 So.2d at 195 (citations omitted) (emphasis added). Smith clearly establishes that a procedural bar cannot be applied in the face of “errors affecting fundamental rights,” because such a violation “is too significant a deprivation of liberty to be subjected to a procedural bar.” Id.
¶ 11. Delving further into the precedent upon which this Court relied in Smith, it is even more evident that no discretion is afforded when deciding whether to except a claim involving a fundamental constitutional right from procedural bars. In Read v. State, 480 So.2d 882 (Miss.1983), this Court held that, when it comes to enforcing procedural rules to bar litigation of constitutional rights, courts should “be faithful stewards” and “keep the spirit of Brooks alive.” Id. at 836-37. This “spirit of Brooks ” refers to the reasoning for that decision, which mandated the fundamental-rights exception to procedural bars. In Brooks v. State, 209 Miss. 150, 46 So.2d 94 (1950), this Court stated:
Constitutional rights in serious criminal cases rise above mere rules of procedure. Errors affecting fundamental rights are exceptions to the rule that questions not raised in the trial court cannot be raised for the first time on appeal.
Besides, no person can be deprived of his liberty except by due process of law. Section 14, Article 3, Mississippi Constitution. This prohibition is intended to guarantee the protection of fundamental and constitutional rights, so that a fair trial shall result. Every person is entitled to a fair and impartial trial, and the dispensing of justice is the object of courts. Thus, where fundamental and constitutional rights are ignored, due process does not exist, and a fair trial in contemplation of law cannot be had.... [W]e repeat that this is a most unusual case. We neither condone nor reward inaction. But we cannot affirm where due process has been so lacking that a conviction has resulted without proper consideration of constitutional and fundamental rights.
Id. at 97 (citations omitted) (emphasis added).
¶ 12. Thus, in light of the foregoing precedent, we hold that errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA. We find that this Court’s use of “may” in Luckett was error, as no discretion previously existed under Brooks and its progeny. We also note that since Luckett, this Court has held on several occasions that errors affecting fundamental rights except petitions from the procedural bars of the UPCCRA, without discussion of whether discretion is afforded or should be applied. See, e.g., Ivy v. State, 731 So.2d 601, 603 (Miss.1999) (holding that Ivy’s petition alleging an illegal sentence was not time-barred); Kennedy v. State, 732 So.2d 184, 186-87 (Miss.1999) (holding that Kennedy’s petition alleging an illegal sentence was not time-barred or barred by res judicata); Fuselier v. State, *508 654 So.2d 519, 522 (Miss.1995) (holding that Fuselier’s failure to raise his double-jeopardy argument at the trial level was not fatal to his petition, as the right to be free from double jeopardy is a fundamental right).
¶ 13. We acknowledge, however, that this Court has decided cases that conflict with our holding today. See, e.g., Mann v. State, 490 So.2d 910, 911 (Miss.1986) (holding that several of Mann’s post-conviction claims (including double jeopardy) were barred because he failed to raise them at trial); Jennings v. State, 700 So.2d 1326, 1328 (Miss.1997) (holding that Jennings’ double-jeopardy claim was procedurally barred because she failed to raise it at trial); Pinkney v. State, 757 So.2d 297, 298-99 (Miss.2000) (holding that Pinkney’s double-jeopardy and excessive-sentence claims were both time-barred and waived because he did not raise them at trial). To the extent that Luckett, Mann, Jennings, and Pinkney conflict with our holding today, they are hereby expressly overruled.
¶ 14. We find the question of whether the protection against double jeopardy is a fundamental right an easy one, as this Court has stated unequivocally that it is. In Graves v. State, this Court stated: “However, as the protection against double jeopardy is a fundamental right, we will not apply a procedural bar and will address the merits of Graves’s claim.” Graves v. State, 969 So.2d 845, 846-47 (Miss.2007) (emphasis added). See also, Fuselier v. State, 654 So.2d 519, 522 (Miss.1995) (same); Kennedy v. State, 732 So.2d 184, 186-87 (Miss.1999) (right to be free from an illegal sentence is fundamental).
¶ 15. Thus, we find that Rowland’s arguments — insofar as they implicate his fundamental constitutional right to be free from double jeopardy — are excepted from the procedural bars of the UPCCRA. We therefore reverse the decisions of the trial court and the Court of Appeals and remand the petition to the trial court for an evidentiary hearing regarding whether Rowland’s convictions for armed robbery violate the double-jeopardy clause.
CONCLUSION
¶ 16. Based on the foregoing analysis, we reverse the decisions of the Washington County Circuit Court and the Court of Appeals. Errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA. The right to be free from double jeopardy is a fundamental right. This matter is hereby remanded to the Washington County Circuit Court for an evidentiary hearing regarding whether Rowland’s convictions for armed robbery violate the double-jeopardy clause. The circuit court should consider appointing counsel to represent Rowland.
¶ 17. REVERSED AND REMANDED.
WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, CHANDLER AND PIERCE, JJ., CONCUR. KITCHENS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED IN PART BY GRAVES, P.J.

. We note that the Court of Appeals' majority opinion erroneously states that the "guilty plea colloquy is not part of the record." Rowland v. State, 42 So.3d 545, 547 n. 2 (Miss.Ct.App.2009). The plea colloquy is attached as "Exhibit A" to Rowland's petition for post-conviction relief in the record.

. The charges against the defendants were transferred from Leflore County to Washington County due to pretrial publicity.

. Rowland does not challenge his convictions for capital murder.

. The Court of Appeals opined that “a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which include rights secured by the Fifth, Sixth, and Fourteenth Amendments ...” Rowland, 42 So.3d at 550. Thus, the Court of Appeals reasoned, if a defendant, by pleading guilty, can waive several of his "fundamental” constitutional rights, then "there is no logical reason to distinguish double jeopardy from the same status.” Id. This analysis is incorrect. We note our language in Willie v. State: " 'a plea of guilty to a charge does not waive a claim that-judged on its face-the charge is one which the State may not constitutionally prosecute.' " Willie, 738 So.2d 217, 219 (Miss.1999) (quoting Menna v. New York, 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975)).