IRVING, P.J.,
 

 for the Court:
 

 ¶ 1. This appeal arises out of Jason Christopher Martin’s guilty plea, in the Lincoln County Circuit Court, to possession of marijuana with intent to distribute. After the circuit court accepted Martin’s plea, it sentenced him to fifteen years in the custody of the Mississippi Department of Corrections. On March 18, 2010, almost six years after he had pleaded guilty, Martin filed a motion for post-conviction relief, requesting that his guilty plea and conviction be set aside. The circuit court denied Martin’s motion as untimely. Feeling aggrieved, Martin appeals and asserts that the circuit court erred.
 

 ¶2. Finding no error, we affirm the circuit court’s judgment.
 

 FACTS
 

 ¶ 3. Martin pleaded guilty on June 23, 2004. On March 18, 2010, he filed his motion for post-conviction relief, alleging that his plea was involuntary, that he received ineffective assistance of counsel, that he was misinformed as to the elements and penalties of possession of marijuana, and that he was mentally unable to understand “the judicial process” at the time of his plea. As evidence, Martin attached an affidavit, wherein he averred that his attorney had convinced him to plead guilty without explaining the elements of the crime of possession of marijuana with intent to distribute, that his attorney informed him that he would receive only eight years as a sentence, and that his attorney never discussed any pretrial strategies with him.
 

 ¶ 4. When entering his guilty plea, Martin engaged the circuit court in the following colloquy:
 

 [COURT]: Are you under the influence of any drugs or alcohol or medicine or narcotic this morning?
 

 [MARTIN]: No, sir.
 

 [[Image here]]
 

 [COURT]: ... Mr. Fernald and Mr. Ainsworth have been your attorneys. Has one of them been in court with you at all stages of the proceedings?
 

 [MARTIN]: Yes, sir.
 

 [COURT]: Did they go over the indictment with you and the elements of the crime?
 

 [MARTIN]: Yes, sir.
 

 [COURT]: Do you understand the elements of the crime?
 

 [MARTIN]: (Non-verbal response, nodding head.)
 

 ⅝ ⅜* *
 

 [COURT]: Did they go over the police reports and the case reports, the information, discovery material provided from the district attorney’s file? Did they go over that with you?
 

 [MARTIN]: Yes, sir.
 

 [COURT]: Have they answered all of your questions?
 

 [MARTIN]: Yes, sir.
 

 [COURT]: Are you satisfied with their representation?
 

 [MARTIN]: Yes, sir.
 

 [[Image here]]
 

 
 *1254
 
 [COURT]: There is no minimum sentence nor minimum fíne. The maximum sentence is thirty years ... [.]
 

 [DEFENSE ATTORNEY]: Twenty years.
 

 [COURT]: Is it twenty or thirty? The maximum sentence is twenty years and the maximum fine is $30,000.00. Do you understand those maximum penalties?
 

 [MARTIN]: Yes, sir.
 

 [COURT]: Do you understand that a guilty plea waives all these rights and places you in a position where you can be sentenced by the Court up to the maximum sentence provided by law?
 

 [MARTIN]: Yes, sir.
 

 [COURT]: Has anyone threatened, abused, or promised you anything to cause you to want to plead guilty?
 

 [MARTIN]: No, sir.
 

 [[Image here]]
 

 [COURT]: I understand that this was a blind plea.
 

 [DEFENSE ATTORNEY]: Your Hon- or, that was the original officer [sic][,] and I believe the omnibus was in March of this year. If you want to comment on the record about the expiration of that offer, then ...
 

 [COURT]: I don’t know if this offer was made thinking that the max was thirty years or twenty years, but the offer was fifteen years, seven suspended, eight years to serve, with the remaining seven years to be served on five years’ probation. The omnibus-motion/plea day is not in the court file ...[•]
 

 [DEFENSE ATTORNEY]: Here is a copy right here, Your Honor.
 

 [COURT]: ... which was February 19, which we extended the plea day until March 8 of this year and the plea day has long since past [sic], so this is a blind plea.
 

 ¶ 5. After accepting Martin’s plea, the circuit court stated the following in sentencing him:
 

 Mr. Martin, you’ve got a clean record. You had a motion, omnibus-plea day set in February, and we extended the plea day until March the something for you. You should have pled, if you were guilty, then. But you figured that you’d get a better plea bargain offer if you waited, but you ain’t_You could have served eight years, been ordered to serve eight years. You would have been sentenced to fifteen with seven suspended, to serve eight.
 

 [[Image here]]
 

 Alright [sic]. I tell you what. You’re not going to be able to pay [the court costs and fines] while you’re in jail, so I’m going to sentence you to fifteen and order that you serve twelve[,] so you’ll have three hanging over your head when you get out in case you decide you don’t want to pay this.
 

 ¶ 6. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
 

 ANALYSIS AND DISCUSSION OF THE ISSUE
 

 ¶7. In reviewing an appeal from the denial of a motion for post-conviction relief, we “will not disturb the factual findings of a trial court in denying the petition unless such findings are clearly erroneous.”
 
 Rowland v. State,
 
 42 So.3d 503, 506 (¶ 8) (Miss.2010) (citing
 
 Moore v. State,
 
 986 So.2d 928, 932 (¶ 13) (Miss.2008)). “However, where questions of law are raised!,] the applicable standard of review is de novo.”
 
 Id.
 
 (quoting
 
 Moore,
 
 986 So.2d at 932 (¶ 13)).
 

 
 *1255
 
 ¶ 8. According to section 99-39-5(2) of the Mississippi Code Annotated (Supp. 2010): “A motion for relief under this article shall be made ... in [the] case of a guilty plea, within three (3) years after entry of the judgment of conviction.” Section 99-39-5(2)(a)(i) provides some exceptions to the three-year statute of limitations, including:
 

 an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of [the] conviction or sentence or that [the petitioner] has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.
 

 Martin has provided no evidence that was not reasonably discoverable at trial, nor has he alleged that there is an intervening decision that would have changed the outcome of his trial. Martin has also failed to show an error affecting his fundamental constitutional rights, which would overcome the procedural bar to his claims.
 

 ¶ 9. Martin’s appeal was filed almost six years after the entry of his guilty plea, and Martin has failed to show any exception to the procedural bar. Procedural bar notwithstanding, the record belies Martin’s contention that he was not informed as to the elements of the crime of possession of marijuana with intent to distribute and his claim that he thought he would receive a sentence of only eight years’ imprisonment. Accordingly, this issue is proeedurally barred and is also without merit.
 

 ¶ 10. For the reasons above, we affirm the circuit court’s judgment.
 

 ¶11. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
 

 LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. RUSSELL, J., NOT PARTICIPATING.