RUSSELL, J.,
for the Court:
¶ 1. Ronald Gene Johnston a/k/a Ronald G. Garrett a/k/a Ronald G. Johnston ap *758 peals the Lowndes County Circuit Court’s order denying his motion for post-conviction relief (PCR). Johnston argues that his PCR motion is not procedurally barred; that' his convictions for armed robbery violate double jeopardy; and that the circuit court erred in denying his PCR motion without an evidentiary hearing. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On February 18, 1983, Johnston pleaded guilty to three counts of armed robbery, and he was sentenced to serve three consecutive thirty-year sentences. On May 6, 2011, Johnston filed his PCR motion on all three convictions, arguing that he should have only been charged with one armed robbery, rather than three, because the robbery was all one transaction. On May 27, 2011, the circuit court denied his PCR motion, finding it was time-barred and without merit. On June 18, 2011, Johnston filed this appeal.
DISCUSSION
¶ 3. “The standard of review in cases involving the denial of a PCR motion is well settled[.]” Holloway v. State, 31 So.3d 656, 657 (¶ 5) (Miss.Ct.App.2010). “When reviewing a [circuit] court’s decision to deny a petition for post[-]conviction relief[, this Court] will not disturb the [circuit] court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raisedf,] the applicable standard of review is de novo.” Id. (quoting Moore v. State, 986 So.2d 928, 932 (¶ 13) (Miss.2008)).
¶ 4. Mississippi Code Annotated section 99-39-5(2) (Supp.2011) provides that if the PCR movant entered a guilty plea, a PCR motion “shall be made ... within three (3) years after entry of the judgment of conviction.” Because Johnston waited more than twenty-eight years to file his PCR motion, his appeal is time-barred, unless Johnston meets one of the exceptions to the three-year statute of limitations. Excepted are those cases in which the petitioner can demonstrate the existence of new evidence that was not available when the case would have gone to trial; an intervening higher-court decision; or that the petitioner is being detained on an expired sentence. Miss.Code Ann. § 99-39-5(2)(a). In his appeal, Johnston relies on Rowland v. State, 42 So.3d 503 (Miss.2010), which he argues is an “intervening decision.” Although Johnston made mention of Rowland in his PCR motion, he merely referred to its dissenting opinion, which does not have the force of law. Brock v. Brock, 906 So.2d 879, 887 (¶ 44) (Miss.Ct.App.2005) (noting that a dissenting opinion is not binding precedent). Additionally, Johnston did not claim Rowland to be an intervening case in his PCR motion. Because this issue is raised for the first time on appeal, it is procedurally barred. See Pace v. State, 770 So.2d 1052, 1054 (¶ 5) (Miss.Ct.App. 2000); see also Gardner v. State, 531 So.2d 805, 808-09 (Miss.1988) (refusing to address an issue not raised in the PCR motion.); Lyle v. State, 756 So.2d 1 (¶ 11) (Miss.Ct.App.1999) (“Appellants are not entitled to raise new issues on appeal because to do so prevents the trial court from addressing the alleged error.”).
¶ 5. Johnston also argues he should have only been charged with one armed robbery, rather than three, because the robbery was all one transaction. Therefore, he argues that his convictions violate double jeopardy and constitute illegal sentences. As a result, he argues, he should not be subjected to the three-year bar established in Mississippi Code Annotated section 99-39-5(2) because errors affecting “fundamental rights” are excepted from *759 procedural bars. He also argues that the right to be free from double jeopardy is a “fundamental right.”
¶ 6. Our supreme court has held, “unequivocally, that errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act (UP-CCRA)].” Rowland v. State, 42 So.3d 503, 506 (¶ 9) (Miss.2010). And the protection against double jeopardy is a fundamental right. Id. at 508 (¶ 14).
¶ 7. “Though our supreme court has held that the procedural bars of the [UPCCRA] do not apply to ‘errors affecting fundamental constitutional rights,’ our precedent is equally clear that the mere assertion of a constitutional violation is not enough to clear the procedural hurdle.” Jones v. State, 122 So.3d 725, 735 (¶ 32) (Miss.Ct.App.2011) (rehearing denied Apr. 3, 2012) (citing Means v. State, 43 So.3d 438, 442 (¶ 12) (Miss.2010)) (internal citation omitted). “Arguments advanced on appeal must ‘contain the contentions of the appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record [relied] on.’ ” Birrages v. Ill. Cent. R.R. Co., 950 So.2d 188, 194 (¶ 14) (Miss.Ct.App.2006) (quoting M.R.A.P. 28(a)(6)). “Failure to comply with M.R.A.P. 28(a)(6) renders an argument procedurally barred.” Id. The only evidence offered by Johnston in support of his claim were his own unsupported assertions. Because Johnston failed to comply with Rule 28(a)(6), his claims are procedurally barred.
¶ 8. Notwithstanding the procedural bar, we find that there is no double jeopardy violation in Johnston’s case. In Henley v. State, 749 So.2d 246, 247 (¶ 2) (Miss.Ct.App.1999), Walter Henley was indicted on six counts of armed robbery but pleaded guilty to four of these counts and received four ten-year sentences on each, to be served concurrently. In his appeal from the circuit court’s denial of his PCR motion, Henley argued that his convictions on the four armed robbery counts violated double jeopardy. Id. at 249 (¶ 10). He asserted that “only one armed robbery occurred rather tha[n] six separate robberies and that there were in actuality six separate victims under one set of operative circumstances and facts.” Id. We found this argument to be without merit. Id. at (¶ 12). “Mississippi has long recognized that separate offenses, though committed under a common nucleus of operative fact, does not present a legal impediment to multiple prosecutions under the double jeopardy clause of both the federal and the state constitutions.” Id. (citing Ohio v. Johnson, 467 U.S. 493, 498, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); Lee v. State, 469 So.2d 1225, 1229 (Miss.1985)). Henley committed armed robbery against multiple individuals, placing each of them in immediate fear of injury with a deadly weapon and depriving each of them of his or her personal property. Id. Henley’s indictment charging him with separate crimes of armed robbery against multiple victims, despite their common nucleus, was indicative of Henley’s intent to rob each person; therefore, multiple convictions or counts for multiple victims did not violate Henley’s protection under the double jeopardy clause. Id.
¶ 9. Here, Johnston pleaded guilty to three counts of armed robbery and received three thirty-year sentences to be served consecutively. Similar to Henley, Johnston argues that only .one armed robbery occurred rather than three separate armed robberies. However, like Henley, Johnston took property from three separate individuals, thus committing three separate crimes. This was indicative of an intent by Johnston to rob each person. *760 For this reason, we find that the robberies were separate offenses committed under a common nucleus of operative fact, and therefore no double jeopardy violation occurred.
 ¶ 10. Johnston also argues that the circuit court erred in denying his PCR motion without a hearing on the merits. However, “[a] trial court enjoys wide discretion in determining whether to grant an evidentiary hearing.” Williams v. State, 4 So.3d 388, 392 (¶ 11) (Miss.Ct.App.2009) (citing Hebert v. State, 864 So.2d 1041, 1045 (¶ 11) (Miss.Ct.App.2004)). “Not every motion for post-conviction relief ... must be afforded a full adversarial hearing.” Hebert v. State, 864 So.2d 1041, 1045 (¶ 11) (Miss.Ct.App.2004) (citing Jones v. State, 795 So.2d 589, 590 (¶3) (Miss.Ct.App.2001)). “A trial judge may dismiss a motion for post-conviction relief without conducting an evidentiary hearing ‘if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.’ ” Hoyt v. State, 952 So.2d 1016, 1022 (¶ 21) (Miss.Ct.App.2007) (quoting Miss.Code Ann. § 99-39-11(2) (Supp.2011)). Because it plainly appears from the face of the motion, exhibits, and prior proceedings that Johnston was not entitled to relief, we find that the circuit court did not err in denying Johnston’s PCR motion without an evidentiary hearing.
CONCLUSION
¶ 11. Johnston filed his PCR motion more than twenty-eight years after he pleaded guilty to three counts of armed robbery. Because his PCR motion does not meet any exceptions to the procedural bars and is without merit, we affirm the holding of the circuit court.
¶ 12. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.