KING, Justice,
Objects with Separate Written Statement:
¶ 1. Because I believe that Madden is entitled to an evidentiary hearing to determine whether his fundamental right to due process was violated, I respectfully object to the order entered herein.
*471 ¶ 2. Willie Madden was convicted for the transfer of a controlled substance and sentenced as a habitual offender to serve fifteen years, day-for-day. Madden contends he was illegally sentenced as a habitual offender, and that his trial counsel was ineffective.
¶ 3. In March 2002, Madden was indicted for the transfer of a controlled substance in the First Judicial District of Harrison County. The indictment charged Madden as a repeat offender in violation of Mississippi Code Section 41-29-147, and as a habitual offender under Section 99-19-81.
¶ 4. On April 8, 2004, the State entered an order agreeing to waive “the enhanced portion” of the indictment. Madden then pleaded guilty to a charge of transfer of a controlled substance. Madden’s Petition to Enter Plea of Guilty stated that Madden’s possible sentence was a minimum of zero years and a maximum of thirty years. Handwritten in the blank spaces after this statement, the petition reads, “open plea; State to drop enhancement portion of indictment.” Another handwritten note in the left margin reads, “Defendant indicted as habitual offender, sentence to be day for day.” Madden admitted his two prior felony convictions that were named in the indictment.
¶ 5. A judgment of conviction was entered on July 14, 2004, and Madden was sentenced as a habitual offender to serve fifteen years, day-for-day. Madden filed his first post-conviction relief (PCR) motion on December 13, 2005, which the circuit court denied. The Court of Appeals affirmed the circuit court’s judgment on February 19, 2008. Madden v. State, 991 So.2d 1231 (Miss.Ct.App.2008).
¶ 6. On February 13, 2009, Madden filed a second PCR motion. The circuit court dismissed the motion and the Court of Appeals affirmed on June 29, 2010. Madden v. State, 52 So.3d 411 (Miss.Ct.App.2010).
¶ 7. On June 2, 2010, Madden filed a third motion for PCR. The circuit court dismissed the motion as a successive writ and as barred by the statute of limitation, and the Court of Appeals affirmed on November 29, 2011. Madden v. State, 75 So.3d 1130 (Miss.Ct.App.2011).
¶ 8. Madden then filed his current motion pursuant to Mississippi Rule of Civil Procedure 60(b)(6), claiming the State’s agreement to drop the enhanced-penalty portion of the indictment included Madden’s habitual-offender status. The circuit court treated this as a fourth PCR motion and found that Madden’s habitual-offender status was not part of the plea-bargain agreement. The Court of Appeals concurred and held that “[MJadden’s motion, though couched in terms of the Mississippi Rules of Civil Procedure, is a PCR motion pursuant to Mississippi Code Annotated section 99-39-5(1) (Supp.2013). Hence his fourth PCR motion is both without merit and procedurally barred as untimely and as a successive writ.” Madden v. State, - So.3d -, -, 2014 WL 1887542, at *1, 2013-CP-00159-COA (Miss.Ct.App. May 13, 2014).
¶ 9. Madden filed a petition for writ of certiorari, and this Court granted the petition. Madden first argues that he was improperly sentenced as a habitual offender and, second, that his trial counsel was ineffective.
¶ 10. A denial of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Rowland v. State, 42 So.3d 503, 506 (Miss.2010) (citations omitted). However, when questions of law are raised, the proper standard of review is de novo. Id.
*472 ¶ 11. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), a person who enters a guilty plea should file a PCR motion within three years after entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev.2007). The UPCCRA also procedurally bars successive writs. Miss.Code Ann. § 99-39-23(6) (Supp.2014). Although Madden’s motion was time-barred and barred as a successive writ, this Court has clearly established that claims affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA. Rowland, 42 So.3d 503, 507-08. “[Cjlaims of constitutional dimensions are likewise excepted from common-law res judicata.” Smith v. State, 149 So.3d 1027, 1032 (Miss.2014).
¶ 12. This Court held in Rowland “unequivocally, that errors affecting fundamental constitutional rights are excepted from the procedural bars of the UP-CCRA.” Rowland; 42 So.3d at 506 (emphasis added). Rowland II then listed three established exceptions to the procedural bars, including the lack of due process in sentencing. Rowland v. State, 98 So.3d 1032, 1038 (Miss.2012). The constitutional right to due process in sentencing has long been established as fundamental and is a decided exception to the procedural bars of the UPCCRA. Under this fundamental right, a defendant’s guilty plea must be knowing and voluntary.
¶ 13. In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court emphasized that a guilty plea is “more than an admission of conduct; it is a conviction.” Therefore, the accused should have a full understanding of what the plea connotes and of its consequences. Id. at 244, 89 S.Ct. 1709. Constitutional considerations of due process require that all guilty pleas must be knowing, intelligent, and voluntary. Id. at 238, 89 S.Ct. 1709; see also Alexander v. State, 226 So.2d 905 (Miss.1969).
¶ 14. The Fifth Circuit also has held that “Defendants ... give up constitutional rights in reliance on promises made by prosecutors, implicating the Due Process Clause once the court accepts their pleas. The failure of the Government to fulfill its promise, therefore, affects the fairness, integrity, and public reputation of judicial proceedings.” U.S. v. Goldfaden, 959 F.2d 1324, 1328 (5th Cir.1992).
¶ 15. Before Madden pleaded guilty, the circuit court entered an order in which the State announced it was waiving “the enhanced portion of the Indictment.” The indictment charged Madden with two enhancements: as a repeat offender under Mississippi Code Section 41-29-147 and as a habitual offender under Section 99-19-81.
¶ 16. On Madden’s Petition to Enter a Plea of Guilty, in the blank space following the statement listing Madden’s possible sentence, is handwritten, “open plea; state to drop enhancement portion of indictment.” Another handwritten note to the left margin of this statement reads, “[d]e-fendant indicted as habitual offender, sentence to be day for day.”
¶ 17. Madden contends that the handwritten note on the petition referring to hté status as a habitual offender was absent when he agreed to and signed the petition. The handwritten portion of the petition stating that Madden’s sentence was to be day-for-day is written in the left margin of the petition, instead of in the ample amount of blank space left underneath the statement regarding sentencing. If Madden’s assertions are true, it is far within the realm.of reasonableness to believe that Madden was under the assumption that The State was waiving both the habitual-offender charge and the repeat- *473 offender charge under the indictment when Madden pleaded guilty.
¶ 18. It is undisputed that Section 99-19-81 provides for an enhanced penalty, and is commonly referred to as an enhanced punishment in an indictment. See Wells v. State, 160 So.3d 1136 (Miss.2015); Hampton v. State, 148 So.3d 992 (Miss.2014); and Williams v. State, 131 So.3d 1174 (Miss.2014). In the order, the State agreed to drop the “enhanced portion of the indictment,” but the order did not refer to a statute number or differentiate between the two sentence enhancements in the indictment. The phrase “enhanced penalty” also does not appear in the body of the indictment or in any other place. The State’s order agreeing to drop the “enhanced portion of the indictment” is vague, and an evidentiary hearing is required to determine whether Madden knowingly pleaded guilty to a day-for-day sentence as a habitual offender.
¶ 19. It is a fundamental right that no person is to be deprived of liberty without due process of law. U.S. Const, amends. V, XIV; Miss. Const, art. 3, § 14. Madden claims that, if he had realized the State was not dropping both enhancement charges, Madden would not have pleaded guilty. Only a voluntary guilty plea functions as a waiver. Brooks v. State, 573 So.2d 1350, 1352-53 (Miss.1990). If the handwritten note in the margin of the petition to plead guilty was added subsequently, and Madden was sentenced as a habitual offender under the reasonable belief that the State had agreed to waive both enhanced charges in the indictment, then Madden’s guilty plea was not knowing and voluntary. Thus, Madden was deprived of liberty without due process of law.
¶ 20. Due process and ensuring the fundamental fairness of judicial proceedings mandate that Madden receive an eviden-tiary hearing to determine whether the handwritten portion of the petition referring to Madden’s habitual-offender status existed at the time Madden signed the petition, and whether Madden knowingly and voluntarily pleaded guilty to transfer of a controlled substance as a habitual offender. Madden’s first PCR motion was summarily dismissed without an evidentia-ry hearing, and Madden was denied a copy of the transcript of his guilty plea. A prisoner is entitled to a transcript once the prisoner’s PCR motion has withstood summary dismissal. Ward v. State, 879 So.2d 452 (Miss.Ct.App.2003). Madden should now receive a copy of the transcript of his plea hearing to assist in presenting his claims.
¶21. I believe that there is a definite concern that Madden reasonably believed the State waived as enhancements both the habitual-offender charge of the indictment as well as the repeat-offender charge at the time he signed the petition to plead guilty. Thus, Madden should be given an opportunity to present his claims. Accordingly, this Court should reverse the judgments of both the Court of Appeals and the Harrison County Circuit Court and remand the case to the trial court for an evidentiary hearing.