# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01742-COA

**ROBERT O'NEAL MILLER A/K/A ROBERT O. MILLER**  **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/09/2013 |
| TRIAL JUDGE: | HON. PAUL S. FUNDERBURK |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT O'NEAL MILLER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POSTCONVICTION RELIEF DENIED |
| DISPOSITION: | AFFIRMED - 05/17/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1. Robert O'Neal Miller appeals the Lee County Circuit Court's order denying his motion for postconviction relief (PCR). Miller argues that his PCR motion is not procedurally barred; that his convictions for armed robbery violate double jeopardy; and that the circuit court erred in denying his PCR motion. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Miller was charged with four counts of armed robbery and one count of burglary of a dwelling in violation of Mississippi Code Annotated sections 97-3-79 and 97-17-23 (Rev.

2014), respectively. On August 16, 2010, Miller pled guilty to all five counts. In count I for burglary, Miller was sentenced to twenty years in the custody of Mississippi Department of Corrections (MDOC), with twenty years suspended. This sentence was ordered to run consecutively to the sentences for armed robbery in counts II, III, IV, and V of the indictment. As to counts II, III, IV, and V, Miller received four thirty-year sentences, with fifteen years suspended, to be served concurrently. Miller filed his PCR motion on September 27, 2013. On December 10, 2013, the circuit court denied Miller's PCR motion. It is from this order that Miller appeals.

## DISCUSSION

¶3. We review the denial of a PCR motion for abuse of discretion. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012). We will reverse only if the circuit court's decision is clearly erroneous. *Id.*

¶4. Under Mississippi Code Annotated section 99-39-5(2) (Rev. 2015), a PCR motion must be made "within three years after entry of the judgment of conviction." Miller pled guilty to burglary and armed robbery on August 16, 2010. Miller did not file his motion until September 27, 2013. Miller's motion, therefore, is time-barred unless he meets one of the exceptions enumerated in section 99-39-5(2)(a)-(b). Miller argues that the four armed-robbery charges subjected him to double jeopardy because he performed only one act of armed robbery. On that basis, Miller argues that he is excepted from the procedural bar found in section 99-39-5(2).

¶5. The Mississippi Supreme Court has found that "errors affecting fundamental

2

constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act.]" *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). In *Johnston v. State*, 172 So. 3d 756, 759 (¶6) (Miss. Ct. App. 2012), we found that the protection against double jeopardy is a fundamental right. Notwithstanding the procedural bar, we find that there is no double-jeopardy violation in Miller's case.

¶6.     "Double jeopardy consists of three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense." *Powell v. State*, 806 So. 2d 1069, 1074 (¶8) (Miss. 2001) (citation omitted).

¶7.     Miller asserts that *Grady v. Corbin*, 495 U.S. 508 (1990), supports his proposition that a double-jeopardy violation occurred. Miller's assertion, nevertheless, is incorrect, because the Supreme Court overruled *Grady* in *United States v. Dixon*, 509 U.S 688, 704 (1993). *Dixon* not only overruled *Grady* but affirmed that courts should look to the *Blockburger*[1] test to determine whether an offense should be labeled the same offense for double-jeopardy purposes. *Dixon*, 509 U.S. at 707-711.

¶8.     Our precedents provide that "separate offenses, though committed under a common nucleus of operative fact, do[ ] not present a legal impediment to multiple prosecutions under the double jeopardy clause of both the federal and the state constitutions." *Johnston*, 172 So. 3d at 759 (¶8) (citing *Henley v. State*, 749 So. 2d 246, 249 (¶12) (Miss Ct. App. 1999)). In

---

[1] *Blockburger v. United States*, 285 U.S. 199 (1932).

*Johnston*, the defendant pled guilty to three counts of armed robbery and received a thirty-year sentence on each, to be served consecutively. *Id*. at 758 (¶2). Johnston appealed the circuit court's denial of his PCR motion, arguing that he should have only been charged with one armed robbery, rather than three, because the robbery was all one transaction. *Id*. We found this argument to be without merit. *Id*. at 759-60 (¶9). Johnston took property from three separate individuals, thus committing three separate crimes. *Id*. We found that the robberies were separate offenses committed under a common nucleus of operative fact, and therefore no double-jeopardy violation occurred. *Id*.

¶9.     Miller, likewise, argues that only one armed robbery occurred rather than four separate armed robberies. Miller committed four offenses simultaneously, but double jeopardy is not violated because those four offenses arose from a common nucleus of operative fact. Like *Johnston*, Miller took property from four separate individuals, thus committing four separate crimes. Miller's claim as to double jeopardy has no merit. Because Miller's PCR motion does not meet any exceptions to the procedural bars, we affirm the judgment of the circuit court.

¶10. **THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.**