# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-01724-COA

**KEP LAFOON**                                                                                   **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                        **APPELLEE**

DATE OF JUDGMENT:            12/04/2017
TRIAL JUDGE:                  HON. ANDREW K. HOWORTH
COURT FROM WHICH APPEALED:  MARSHALL COUNTY CIRCUIT  COURT
ATTORNEY FOR APPELLANT:      KEP LAFOON (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                                 BY: JOSEPH SCOTT HEMLEBEN
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 11/20/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., GREENLEE AND TINDELL, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     Kep Lafoon pleaded guilty to first-degree murder, and the Marshall County Circuit Court sentenced him as a habitual offender[1] to life imprisonment without eligibility for parole or early release.  Lafoon filed a petition for post-conviction collateral relief (PCR), which the circuit court dismissed as time-barred.  This Court affirmed the dismissal.[2]  Lafoon later filed a second PCR petition,[3] asserting that the circuit court violated his constitutional right against

---

[1] Lafoon had previously been convicted of theft of property exceeding $500 and theft of merchandise exceeding $1,000.

[2] *Lafoon v. State*, 164 So. 3d 494, 495 (¶2) (Miss. App. 2014).

[3] This petition is entitled "Motion to Vacate, Set Aside, or Correct Judgment or Sentence"; however, the circuit court properly treated it as a PCR petition.

double jeopardy.  The circuit court denied this second petition.  Feeling aggrieved, Lafoon now appeals.  We find no error; therefore, we affirm.

## FACTS

¶2.     On October 16, 2002, Lafoon was charged by criminal information with murder as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2015).  He pleaded guilty that same day and was sentenced to life imprisonment without eligibility for parole or probation.  On November 1, 2002, the circuit court amended its judgment and sentenced Lafoon as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015) to life imprisonment without eligibility for parole or probation.

¶3.     On June 20, 2013, Lafoon filed his first PCR petition. The circuit court held that the petition was time-barred and dismissed the petition.  Lafoon then appealed to this Court, and we affirmed.  On August 25, 2017, Lafoon filed a second PCR petition, alleging that the circuit court's amended judgment on November 1, 2002, was a violation of his constitutional right against double jeopardy.  On November 29, 2017, the circuit court denied Lafoon's second PCR petition and held that it was time-barred, successive, and without merit.  Lafoon timely appealed.

## DISCUSSION

¶4.     When this Court reviews PCR petitions, it will only disturb the circuit court's factual findings if they are clearly erroneous. *Johnston v. State*, 172 So. 3d 756, 758 (¶3) (Miss. Ct. App. 2012).  However, this Court will review questions of law under a de novo standard of

review. *Id.* Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) provides that, in the case of a guilty plea, a PCR petition shall be made within three years after entry of judgment of conviction. An untimely petition may be excepted if there has been an intervening decision made by the Mississippi Supreme Court or the United States Supreme Court, new evidence has been discovered which was not available at trial, or the petitioner is being detained despite his sentence expiring. *Id.*

¶5.    Lafoon pleaded guilty on October 16, 2002, and the circuit court entered its initial judgment of conviction on that day. The circuit court subsequently entered its amended judgment on November 1, 2002. Lafoon filed the PCR petition at issue in this appeal on August 25, 2017, clearly outside of the three-year statute of limitations provided in section 99-39-5. Lafoon has failed to demonstrate that any of the exceptions set forth in section 99-39-5 apply. Thus, we affirm the circuit court's decision that Lafoon's PCR petition is time-barred.

¶6.    Likewise, we affirm the circuit court's decision that Lafoon's petition is barred as successive. Mississippi Code Annotated section 99-39-27(9) (Rev. 2015) states in pertinent part that "[t]he dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article." Here, Lafoon filed his first PCR petition on June 20, 2013. It was dismissed as time-barred by the circuit court, and this Court affirmed. As such, Lafoon's second PCR petition, filed on August 25, 2017, is barred as successive.

¶7.    The Mississippi Supreme Court has held that "errors affecting fundamental

3

constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]." *Rowland v. State*, 42 So. 3d 503, 508 (¶16) (Miss. 2010). The protection against double jeopardy—which Lafoon claims has been violated here—is a fundamental right. *Johnston*, 172 So. 3d at 759 (¶6). However, "the mere assertion of a constitutional violation is not enough to clear the procedural[-bar] hurdle. *Id*. at 759 (¶7). Lafoon has failed to show that the present PCR petition is excepted from these procedural bars. Notwithstanding this fact, we discuss Lafoon's double-jeopardy claim.

¶8.     Lafoon argues that he was subjected to double jeopardy because the circuit court amended its judgment of conviction. As noted, on October 16, 2002, the circuit court sentenced Lafoon to life in prison as a habitual offender under section 99-19-83, which provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more, whether served concurrently or not, in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence, as defined by Section 97-3-2, shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole, probation or any other form of early release from actual physical custody within the Department of Corrections.

On November 1, 2002, the court amended its judgment, and sentenced Lafoon as a habitual offender under section 99-19-81, which provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall

4

have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

¶9. The Fifth Amendment of the United States Constitution provides that "[no person] shall . . . be subject for the same offence to be twice put in jeopardy of life or limb [. . . ]." U.S. Const. amend. V; *see also*, Miss. Const. art. III § 22 (1890). The Fifth Amendment's requirements, enforceable against the states through the Fourteenth Amendment, guarantees three protections: "(1) protection from a second prosecution for the same offense after acquittal, (2) protection from a second prosecution for the same offense after conviction, and (3) protection from multiple punishments for the same offense." *Graves v. State*, 969 So. 2d 845, 847 (¶7) (Miss. 2007).

¶10. As the State correctly argues in its brief on appeal, the circuit court's amended judgment of sentence does not constitute a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, or multiple punishments for the same offense. As such, Lafoon's argument that he was subjected to double jeopardy is without merit.

¶11. **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**