# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01318-COA

**JIMMY POWELL A/K/A JAMEL HOBSON**  **APPELLANT**
**A/K/A JIMMY HOBSON**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

DATE OF JUDGMENT:               08/30/2018
TRIAL JUDGE:                    HON. LAMAR PICKARD
COURT FROM WHICH APPEALED:      COPIAH COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         JIMMY POWELL (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: JOHN R. HENRY JR.
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 11/26/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## CONSOLIDATED WITH

## NO. 2018-CP-01361-COA

**JIMMY POWELL A/K/A JAMEL HOBSON**  **APPELLANT**
**A/K/A JIMMY HOBSON**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

DATE OF JUDGMENT:               08/30/2018
TRIAL JUDGE:                    HON. LAMAR PICKARD
COURT FROM WHICH APPEALED:      COPIAH COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         JIMMY POWELL (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: JOHN R. HENRY JR.
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 11/26/2019
MOTION FOR REHEARING FILED:

MANDATE ISSUED:

**BEFORE J. WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     Jimmy Powell appeals the summary dismissal of what essentially amounts to his third set of motions[1] for post-conviction relief (PCR) challenging his two 1983 convictions for armed robbery.  The Copiah County Circuit Court dismissed Powell's PCR motions as successive and noted that the issues raised in the most recent set of PCR motions were the same issues that Powell had raised before.  Powell now appeals and raises similar issues concerning his indictment.  We agree with the circuit court and hold that Powell's motions are time barred and successive-writ barred.  While we briefly discuss Powell's indictment briefly, we hold that his issues on appeal have no merit and that the circuit court did not err.

**FACTS**

¶2.     Powell pled guilty to two counts of armed robbery in December 1983.  He was sentenced to serve fifteen years for the first count and twenty years for the second count.  The sentences were set to run consecutively.

¶3.     On December 1, 1994, Powell filed his first set of PCR motions to vacate his sentences.  These motions presented four separate grounds for relief: (1) that Powell was not advised he had waived his privilege against self-incrimination; (2) that Powell's counsel provided ineffective assistance; (3) that Powell was not advised of the minimum and

---

[1] Powell filed separate but practically identical PCR motions challenging each conviction, and the circuit court subsequently entered one judgment addressing both PCR motions.

2

maximum sentences for his crimes; and (4) that his two guilty pleas violated his right to a fair and public trial. His motions were dismissed as untimely under Mississippi Code Annotated section 99-39-5(2) (Rev. 1994). Powell filed a second set of PCR motions on August 26, 1996. His second set of motions were dismissed on November 13, 1997.

¶4. Powell filed his third set of PCR motions, the subject of this appeal, on August 13, 2018. The circuit court dismissed Powell's PCR motions with prejudice as a successive writ, and found that it was "based upon the same issues as was filed in [Powell's] previous [p]etitions." On appeal, Powell argues that both of the indictments are void because they failed to set out "an essential element of the offense." Additionally, Powell argues they are void because there is no known offense codified as "armed robbery," which also leaves the indictments void. We disagree and affirm the decision of the Copiah County Circuit Court because Powell's PCR motions are time barred and successive-writ barred.

## STANDARD OF REVIEW

¶5. "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999) (citing *Bank of Miss. v. S. Mem'l Park Inc.*, 677 So. 2d 186, 191 (Miss. 1996)). Questions of law are reviewed de novo. *Id*.

## ANALYSIS

¶6. Without a doubt, Powell's third PCR motions were time barred and successive-writ barred. A defendant who pleads guilty to a charge has three years after entry of the judgment

of conviction to apply for relief under Mississippi Code Annotated section 99-39-5(2) (Rev. 2015). Powell pled guilty in 1983. Because Powell's convictions predated the PCR statute, he had until the end of 1987 to collaterally challenge his convictions. *Edmond v. State*, 845 So. 2d 701, 702 (¶4) (Miss. Ct. App. 2003) (citing *Odom v. State*, 483 So. 2d 343, 344 (Miss. 1986)). Powell filed his first PCR motions in 1994, ten years after the PCR statute was enacted. Any subsequent PCR motions were also time barred because Powell's last opportunity to seek relief under the PCR statute ended in 1987. Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) provides several exceptions to the time bars. None of the exceptions apply.

¶7. Powell's claims are also barred as successive. Mississippi Code Annotated section 99-39-23(6) (Rev. 2015) provides that "any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and . . . shall be a bar to a second or successive motion under this article." This is Powell's third set of PCR motions concerning his Copiah County convictions. They have all been dismissed. Accordingly, the circuit court correctly dismissed his instant PCR motions as successive based on section 99-39-23(6).

¶8. Powell claims that the procedural bars do not apply to him because "he retains the constitutional right to be heard on an illegal sentence." The supreme court has held that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]." *Rowland v. State*, 42 So. 3d 503, 508 (¶16) (Miss. 2010). This Court has recognized that "[t]he right to be free from an illegal

4

sentence is a fundamental right . . . ." *Alexander v. State*, 879 So. 2d 512, 514 (¶9) (Miss. Ct. App. 2004). "A defendant's fundamental right of freedom from an illegal sentence is violated when the sentence imposes an undue burden on the defendant . . . ." *Pruitt v. State*, 846 So. 2d 271, 274 (¶9) (Miss. Ct. App. 2002). But the "mere assertion of a constitutional violation is not enough to clear the procedural hurdle." *Johnston v. State*, 172 So. 3d 756, 759 (¶7) (Miss. Ct. App. 2012). Powell's issues do not address an illegal sentence but instead attack the indictments for his convictions. Powell is unable to "clear the procedural hurdle" that his claims face because he merely asserts a constitutional violation. Procedural bars notwithstanding, we briefly discuss Powell's claims concerning his indictments.

¶9. Powell first claims that the indictments are void because they allege "armed robbery" instead of the words in the title of the statute "Robbery: use of a deadly weapon." Powell was indicted pursuant to Mississippi Code Annotated section 97-3-79 (Supp. 1983). Cases are tried across this State daily that use "armed robbery" to describe the offense laid out in section 97-3-79. *See Lenoir v. State*, 224 So. 3d 85, 93 (¶27) (Miss. 2017) (holding that a conviction of "armed robbery" under section 97-3-79 was supported by credible evidence); *see also Burgin v. State*, 180 So. 3d 725, 731 (¶25) (Miss. Ct. App. 2015) (affirming a conviction of "armed robbery" pursuant to section 97-3-79). When analyzing the plain language of the statute, the title of the statute does not control. Powell's issue is without merit.

¶10. Powell also argues that his indictments lacked the words "by violence to their person." This omission, he claims, voids his indictments because he was unaware of the charges

5

against him. "The rule in this [S]tate is that an indictment which states the statutory language is generally sufficient to inform the accused of the charge against him." *State v. Hawkins*, 145 So. 3d 636, 639-40 (¶8) (Miss. 2014) (quoting *King v. State*, 580 So. 2d 1182, 1185 (Miss. 1991)). "The [Mississippi Supreme] Court has held repeatedly that, so long as a fair reading of the indictment, taken as a whole, clearly describes the nature of the cause of the charge against the accused, the indictment is legally sufficient." *Id*. at 640 (¶9) (internal quotation mark omitted). In order to prove armed robbery, the State must prove these essential elements: "(1) a felonious taking or attempt to take, (2) from the person or from the presence, (3) the personal property of another, (4) against his will, (5) by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon." *Oliver v. State*, 234 So. 3d 443, 445 (¶11) (Miss. Ct. App. 2017) (quoting *Wales v. State*, 73 So. 3d 1113, 1122 (¶27) (Miss. 2011)). The choice to allege in the indictment that the taking was either "by violence to his person," or "by putting such person in fear of immediate injury," is determined by the fact of each particular case. *Id*. Here, the grand jury returned two practically identical indictments. The first indictment in Cause Number 13,388 read as follows:

> [O]n or about the 7th day of June, 1983, in the county aforesaid and within the jurisdiction of this Court, with the unlawful and felonious intent to take, steal and carry away from the presence of Lorine Pitts and Lynn Cheeks, human beings, personal property, of value, of Bank of Hazlehurst, a Mississippi banking corporation, then and there doing business as Gallman Branch of Bank of Hazlehurst, he, the said Jimmy Powell, alias Jamel Hobson alias Jimmy Hobson, did then and there, **by putting the said Lorine Pitts and Lynn Cheeks, in fear of immediate injury to their persons by the display and exhibition of a certain firearm and deadly weapon**, to-wit: a handgun, take, steal and carry away from the presence of the said Lorine Pitts and Lynn

6

Cheeks, approximately $12,000.00 in good and lawful money of the United States of America [. . .] contrary to and in violation of Section 97-3-79 of the Mississippi Code of 1972.

(Emphasis added). Powell's second indictment in Cause Number 13,389 stated:

[O]n or about the 27th day of April, 1983 in the county aforesaid and within the jurisdiction of this Court, with the unlawful and felonious intent to take, steal and carry away from the presence of Montora McDonald, human beings, personal property, of value, of the Mississippi Bank, a Mississippi banking corporation, then and there doing business as Hwy. 51 Branch of The Mississippi Bank, he, the said Jimmy Powell, alias Jamel Hobson alias Jimmy Hobson, did then and there, **by putting the said Montora McDonald, in fear of immediate injury to her person by the display and exhibition of a certain firearm and deadly weapon**, to-wit: a handgun, take, steal and carry away from the presence of the said Montora McDonald, approximately $12,377.00 in good and lawful money of the United States of America [. . .] contrary to and in violation of Section 97-3-79 of the Mississippi Code of 1972.

(Emphasis added). Powell's argument that an "essential element" is missing from the indictments is incorrect. In this case, Powell was indicted for "putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon." The indictments in this case were sufficient to charge the crime of armed robbery because each essential element was set forth.

¶11. The circuit court correctly determined that Powell's third set of PCR motions should be dismissed with prejudice because they were time barred. Additionally, Powell's motions are successive-writ barred, and he failed to overcome those procedural bars with any of the statutory exceptions. Finally, Powell's indictments sufficiently set forth the essential elements of armed robbery for which he was charged. Therefore, this Court affirms the decision of the Copiah County Circuit Court.

7

¶12.   **AFFIRMED.**

 **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR.**