# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00111-COA

**RICHARD A. SIMONEAUX A/K/A RICHARD SIMONEAUX**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                    **APPELLEE**

DATE OF JUDGMENT:            09/17/2014
TRIAL JUDGE:            HON. DAVID H. STRONG JR.
COURT FROM WHICH APPEALED:            PIKE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:            RICHARD A. SIMONEAUX (PRO SE)
ATTORNEY FOR APPELLEE:            OFFICE OF THE ATTORNEY GENERAL
            BY: JEFFREY A. KLINGFUSS
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:            DISMISSED MOTION FOR POST-
            CONVICTION RELIEF
DISPOSITION:            AFFIRMED – 05/10/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., CARLTON AND JAMES, JJ.**

**IRVING, P.J., FOR THE COURT**:

¶1.    Richard A. Simoneaux appeals the judgment of the Circuit Court of Pike County dismissing his motion for post-conviction relief. Simoneaux argues that the trial court erred in dismissing the motion.

¶2.    Finding no error, we affirm.

## FACTS

¶3.    This is Simoneaux's second trip to this Court. So we take the background facts from our previous opinion affirming the trial court's dismissal of his previous PCR motion. In that

decision, we stated:

> Simoneaux plead[ed] guilty to the sexual abuse of a seventy-six-year-old vulnerable adult who lived in a nursing home. [Simoneaux] also entered guilty pleas to one count of sexual battery, two burglary-related counts, and two counts of voyeurism, which stemmed from him peeping into nursing homes and spying upon the residents.

> Rather than proceed to trial, Simoneaux chose to enter guilty pleas to each count in what appears to be a package deal, complete with sentencing recommendations from the State. When questioned by the trial judge, Simoneaux offered unwavering admissions of guilt, and the trial judge accepted his guilty pleas.

> Simoneaux also admitted to the court that he has had problems for a long time and pleaded for the court to help him with these problems. The trial judge sentenced Simoneaux in line with the State and Simoneaux's agreed[-]upon recommendation to a sentence of twenty-five years' imprisonment[] on the six counts of conviction[,] with each count to run concurrently with the others. . . . Simoneaux sought post-conviction relief, which the trial court denied.

*Simoneaux v. State,* 29 So. 3d 26, 29 (¶¶1-3) (Miss. Ct. App. 2009) (*Simoneaux I*).

¶4.     On May 27, 2014, Simoneaux filed a motion for a subpoena duces tecum, which the trial court treated as a motion for post-conviction relief. On September 18, 2014, the trial court entered an order pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev. 2015) dismissing with prejudice, without an evidentiary hearing, Simoneaux's motion for post-conviction relief. On October 6, 2014, Simoneaux filed a motion for a complete exoneration of his previous convictions, which the trial court treated as a motion for reconsideration of its September 18, 2014 order. On January 9, 2015, the trial court entered an order denying Simoneaux's motion for reconsideration. Feeling aggrieved, Simoneaux filed this appeal, alleging error in the trial court's dismissal of his motions.

2

## DISCUSSION

¶5. "[An appellate c]ourt's applicable standard of review when considering the [dismissal] of a [motion] for post-conviction collateral relief is well settled; [an appellate c]ourt will not disturb the factual findings of a trial court in [dismissing] the [motion] unless such findings are clearly erroneous." *Rowland v. State,* 42 So. 3d 503, 506 (¶8) (Miss. 2010) (internal citation omitted). We review questions of law de novo. *Id.*

¶6. Simoneaux argues that the trial court erred in dismissing his successive PCR motion. More specifically, Simoneaux alleges that his due-process rights were violated by the suppression of evidence by the State and, ultimately, by the trial court through its dismissal of his motion for a subpoena duces tecum, which was treated as a motion for post-conviction relief. Simoneaux also alleges that the evidence that he requested in his motion for a subpoena duces tecum is vital in proving that (1) he was unlawfully interrogated by his arresting officers after invoking his right to counsel, (2) his confession was psychologically coerced in a hostile and confined environment, (3) the victim was coached on the testimony that she gave at the preliminary hearing, and (4) his guilty pleas were accepted although there was nothing that could have proven his guilt. In addition, Simoneaux asserts that the trial court's failure to subpoena the records constitutes a violation of a previous order in which it granted his motion to preserve evidence.

¶7. In response, the State argues that Simoneaux's argument lacks merit, and we agree. In addition, the State cites *Avery v. State,* 179 So. 3d 1182 (Miss. Ct. App. 2015), for its

position that Simoneaux's motion was time-barred and successive-writ barred. We agree with the State on that position as well, but we also find Simoneaux's argument on appeal to be without merit.

¶8.    In Mississippi, it is well established that "a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." *Anderson v. State,* 577 So. 2d 390, 391 (Miss. 1991) (internal citation omitted). "[G]enerally included in this class [are] 'those [rights] secured by the Fifth, Sixth[,] and Fourteenth Amendments to the Constitution of the United States, as well as those comparable rights secured by Sections 14 and 26, Article 3, of the Mississippi Constitution of 1890.'" *Id.* This Court has previously held that a guilty plea precludes a petitioner from asserting a *Brady*[1] violation, which is basically the gist of Simoneaux's argument. *See Walton v. State,* 165 So. 3d 516, 524 (¶33) (Miss. Ct. App. 2015). Here, it is clear that Simoneaux entered a valid guilty plea. In *Simoneaux I*, we found that Simoneaux's guilty pleas were voluntary based on:

> Simoneaux's assurances to the trial judge that he had reviewed the two factually[]specific indictments and discovery with his lawyer, along with his unwavering declaration of guilt to each of the specific crimes during his plea hearing, and his exchange with the trial judge about his sex-related problems, tendencies, and need for help[.]

*Simoneaux,* 29 So. 3d at 33 (¶24). As a result, when Simoneaux pleaded guilty to the charges against him, he waived his right to challenge the sufficiency of the evidence to support his convictions. As such, we affirm the judgment of the circuit court.

---

[1] *Brady v. Maryland,* 373 U.S. 83 (1963).

¶9.    THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.

LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.