# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00532-COA

**RICHARD A. SIMONEAUX A/K/A RICHARD SIMONEAUX**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/02/2022 |
| TRIAL JUDGE: | HON. DAVID H. STRONG JR. |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RICHARD A. SIMONEAUX (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/11/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., GREENLEE AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     This appeal stems from the Pike County Circuit Court's order dismissing Richard Simoneaux's third motion for post-conviction collateral relief (PCR) as successive and time-barred. Finding no error, we affirm.

## FACTS

¶2.     In 2004, Simoneaux pled guilty in two separate cause numbers to six charges: one count of attempted burglary, two counts of voyeurism, one count of sexual battery, one count of sexual abuse of a vulnerable adult, and one count of burglary of a dwelling. The circuit court sentenced Simoneaux to serve a total of twenty-five years in custody, with the sentence in each count to run concurrently with the others.

¶3. Following his convictions and sentences, Simoneaux filed two PCR motions. In his first PCR motion, Simoueaux raised multiple arguments, including claims that his guilty pleas were involuntary and that his trial attorney provided ineffective assistance of counsel. *Simoneaux v. State* (*Simoneaux I*), 29 So. 3d 26, 29-30 (¶4) (Miss. Ct. App. 2009). Other than striking a banishment provision contained in Simoneaux's sentencing order, this Court affirmed the circuit court's denial of Simoneaux's requested relief. *Id.* at 40 (¶54). With regard to Simoneaux's second PCR motion, this Court found that he was essentially asserting a *Brady* violation[1] (i.e., that the State had suppressed evidence), which his voluntary guilty pleas precluded. *Simoneaux v. State* (*Simoneaux II*), 205 So. 3d 695, 697 (¶8) (Miss. Ct. App. 2016). We therefore affirmed the circuit court's dismissal of the second PCR motion. *Id.* at (¶9).

¶4. In 2021, Simoneaux filed his third (current) PCR motion in which he alleged issues related to the voluntariness of his guilty pleas and the effectiveness of his trial attorney. The circuit court concluded Simoneaux's third PCR motion was not only successive but was also barred by the relevant statute of limitations and res judicata. Moreover, the circuit court found that Simoneaux's claims failed to meet any statutory exceptions to the procedural bars. Aggrieved by the circuit court's dismissal of his PCR motion, Simoneaux appeals.

## STANDARD OF REVIEW

¶5. "We review a circuit court's 'dismissal or denial of a PCR motion for abuse of discretion' and decline to reverse unless 'the circuit court's decision is clearly erroneous.'

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

We review questions of law de novo." *Taylor v. State*, 348 So. 3d 1017, 1019 (¶4) (Miss. Ct. App. 2022) (quoting *Hunt v. State*, 312 So. 3d 1233, 1234 (¶6) (Miss. Ct. App. 2021)).

**DISCUSSION**

¶6.     The  Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides that "any order dismissing the petitioner's motion or otherwise denying relief" requested in a PCR motion "shall be a bar to a second or successive [PCR] motion . . . ." Miss. Code Ann. § 99-39-23(6) (Rev. 2020).  The UPCCRA also provides a statute of limitations for filing PCR motions and states that when the petitioner enters a guilty plea, he must file his PCR motion "within three (3) years after entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2) (Rev. 2020).  Here, Simoneaux filed his third PCR motion almost seventeen years after he entered his guilty pleas.  Thus, his current PCR motion is clearly barred as both successive and untimely.  *Id.* § 99-39-23(6).

¶7.     The UPCCRA specifies that certain statutory exceptions exist to the successive-motions bar and the statute of limitations.  *E.g.*, Miss. Code Ann. § 99-39-5(2)(a)(i) (providing exceptions to the UPCCRA's three-year statute of limitations); *id.* § 99-39-23(6) (providing substantively identical exceptions to the UPCCRA's successive-motions bar).  As the PCR movant, Simoneaux bears the burden to prove a statutory exception to the UPCCRA's litigation bars.  *Cook v. State*, 301 So. 3d 766, 777 (¶32) (Miss. Ct. App. 2020).  Simoneaux has failed, however, to even assert that an enumerated statutory exception applies to overcome either the successive-motions bar or the three-year statute of limitations.  Rather, Simoneaux alleges that his guilty pleas were involuntary and that his trial attorney rendered

ineffective assistance of counsel. These claims do not fall within a statutory exception to the UPCCRA's litigation bars. Instead, they fall within the judicially crafted "fundamental-rights exception" to the bars. The Mississippi Supreme Court recently addressed this exception and overruled any precedent that has held "the fundamental-rights exception can apply to the substantive, constitutional bars codified by the Legislature in the [UPCCRA]." *Howell v. State*, 2020-CA-00868-SCT, 2023 WL 412469, at *3 (¶12) (Miss. Jan. 26, 2023). Thus, based on the supreme court's holding in *Howell*, we conclude that Simoneaux's claims of a fundamental-rights exception fail to apply to or overcome the UPCCRA's litigation bars.

¶8.     Simoneaux also attached his affidavit to his current PCR motion, but he neither offered proof in the affidavit to support his claims nor explained why he could not raise the claims in his first PCR motion or within the three-year statute of limitations. In addition, the record contains two affidavits from Simoneaux's mother, but as the State points out, these affidavits failed to address the merits of Simoneaux's claims and likewise offered no explanation for Simoneaux's delay in asserting his claims. We therefore find the circuit court correctly concluded that Simoneaux's PCR claims were barred by the UPCCRA's successive-motions bar and statute of limitations and that no other statutory exceptions applied.

## CONCLUSION

¶9.     Because Simoneaux's current PCR motion is barred by the UPCCRA, we find no error in the circuit court's dismissal of the motion.

¶10.    **AFFIRMED.**

4

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND EMFINGER, JJ., CONCUR. McCARTY, J., NOT PARTICIPATING.**