## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2024-CP-01127-COA

**RICHARD A. SIMONEAUX**                                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/04/2024 |
| TRIAL JUDGE: | HON. DAVID H. STRONG JR. |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RICHARD A. SIMONEAUX (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/06/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND WEDDLE, JJ.**

**WEDDLE, J., FOR THE COURT:**

¶1.   Richard Simoneaux appeals from the order of the Pike County Circuit Court dismissing his fourth motion for post-conviction collateral relief (PCR).  Finding no error, we affirm the circuit court's order.

## FACTS

¶2.   This Court has previously recounted the relevant facts and procedural history of Simoneaux's underlying convictions and previous PCR motions as follows:

> In 2004, Simoneaux pled guilty in two separate cause numbers to six charges: one count of attempted burglary, two counts of voyeurism, one count of sexual battery, one count of sexual abuse of a vulnerable adult, and one count of burglary of a dwelling.  The circuit court sentenced Simoneaux to serve a total of twenty-five years in custody, with the sentence in each count

to run concurrently with the others.

> Following his convictions and sentences, Simoneaux filed two PCR motions. In his first PCR motion, Simoneaux raised multiple arguments, including claims that his guilty pleas were involuntary and that his trial attorney provided ineffective assistance of counsel. *Simoneaux v. State* (*Simoneaux I*), 29 So. 3d 26, 29-30 (¶4) (Miss. Ct. App. 2009). Other than striking a banishment provision contained in Simoneaux's sentencing order, this Court affirmed the circuit court's denial of Simoneaux's requested relief. *Id.* at 40 (¶54). With regard to Simoneaux's second PCR motion, this Court found that he was essentially asserting a *Brady* violation (i.e., that the State had suppressed evidence), which his voluntary guilty pleas precluded. *Simoneaux v. State* (*Simoneaux II*), 205 So. 3d 695, 697 (¶8) (Miss. Ct. App. 2016). We therefore affirmed the circuit court's dismissal of the second PCR motion. *Id.* at (¶9).

> In 2021, Simoneaux filed his third . . . PCR motion in which he alleged issues related to the voluntariness of his guilty pleas and the effectiveness of his trial attorney. The circuit court concluded Simoneaux's third PCR motion was not only successive but was also barred by the relevant statute of limitations and res judicata. Moreover, the circuit court found that Simoneaux's claims failed to meet any statutory exceptions to the procedural bars.

*Simoneaux v. State* (*Simoneaux III*), 359 So. 3d 665, 666-67 (¶¶2-4) (Miss. Ct. App. 2023) (footnote omitted). In affirming the circuit court's dismissal of Simoneaux's third PCR motion, this Court found that Simoneaux's motion was not only barred as a successive motion but was also filed outside the three-year statute of limitations. *Id.* at 667 (¶6). We further found that Simoneaux's claims failed to fall within one of the enumerated statutory exceptions to the litigation bars. *Id.* at 667-68 (¶¶7-8).

¶3. Later that year, on November 6, 2023, Simoneaux filed a "Motion to Vacate and Set Aside [His] Conviction[s] and Sentence[s]." As in his prior motions, Simoneaux again asserted claims of ineffective assistance of counsel, involuntary guilty pleas, illegal

sentences, and suppression of exculpatory evidence. Based on his claim that exculpatory evidence had been suppressed, Simoneaux also filed a motion seeking to expand the record in his case to include numerous documents and information from his trial attorney, the prosecutor's office, and the local prison.

¶4.    Treating Simoneaux's "Motion to Vacate and Set Aside [His] Conviction[s] and Sentence[s]" as one seeking PCR, the circuit court found it was Simoneaux's fourth such motion and merely "relitigate[d] issues already presented in previous motions, denied by the [circuit] court, and affirmed by the Court of Appeals, particularly pertaining to the ineffective assistance of counsel [that Simoneaux] allegedly received leading up to his guilty plea[s]." The circuit court also found that Simoneaux was "properly advised of the minimum and maximum sentences for the charges against him[] and was sentenced according to statutory guidelines set by the controlling statute at the time he was sentenced." The circuit court concluded that Simoneaux's claims lacked merit and did not require an evidentiary hearing. The circuit court entered an order dismissing Simoneaux's fourth PCR motion as successive, untimely filed, and barred by res judicata. The circuit court likewise dismissed Simoneaux's motion to expand the record. Aggrieved by the circuit court's order dismissing his fourth PCR motion, Simoneaux appeals.

**STANDARD OF REVIEW**

¶5.    "On review of a circuit court's dismissal or denial of a PCR motion, we decline to reverse unless the circuit court's decision is clearly erroneous. We review questions of law de novo." *Farris v. State*, 394 So. 3d 1028, 1030 (¶4) (Miss. Ct. App. 2024) (citations and

3

internal quotation marks omitted).

## DISCUSSION

¶6.     Although Simoneaux asserts that the circuit court erred by considering his current filing to be a PCR motion, his claims include the allegation that his guilty pleas were involuntary due to his attorney's coercive conduct and misleading legal advice. *See* Miss. Code Ann. § 99-39-5(1)(g) (Rev. 2020) (identifying an involuntary guilty plea as a basis for relief under the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA)). As discussed, Simoneaux also asserts that he received an illegal sentence and that exculpatory evidence had been suppressed in his case. "[I]t is well established that a pleading cognizable under the [UPCCRA] will be treated as a PCR motion that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading." *Pickle v. State*, 351 So. 3d 464, 466 (¶4) (Miss. Ct. App. 2022) (internal quotation mark omitted). Thus, we find that the circuit court properly treated Simoneaux's current motion as one seeking PCR.

¶7.     Because the present filing constitutes Simoneaux's fourth PCR motion and was filed around nineteen years after Simoneaux entered his guilty pleas, the motion is untimely and impermissibly successive. *See* Miss. Code Ann. §§ 99-39-5(2), 99-39-23(6) (Rev. 2020). Although enumerated statutory exceptions apply to the UPCCRA's three-year statute of limitations and successive-motions bar, Simoneaux must demonstrate that one of the statutory exceptions applies. *Simoneaux III*, 359 So. 3d at 667 (¶7). Simoneaux has failed to meet this burden, and we do not find that any of his claims fall within the UPCCRA's

4

enumerated exceptions. We therefore find no error in the circuit court's dismissal of Simoneaux's current PCR motion.

## CONCLUSION

¶8. Because Simoneaux's current motion is time-barred, is successive, and fails to demonstrate that a statutory exception applies, we find no error in the circuit court's order dismissing Simoneaux's fourth PCR motion.

¶9. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, EMFINGER AND LASSITTER ST. PÉ, JJ., CONCUR. McCARTY, J., NOT PARTICIPATING.**